McLaughlin *v.* Tygard, Appellant, et al., Trustees.

Argued October 14, 1936. Before KEPHART, C. J., SCHAFFER, DREW, LINN and STERN, JJ.

*Joseph R. Doherty,* with him *Artemas C. Leslie,* of *McCloskey, Best & Leslie,* for appellant.

*Ben Paul Brasley,* of *Brasley, Rubin, Balter & Cole,* with him *A. M. Levin,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, November 23, 1936:

Plaintiff recovered a verdict and judgment in the trial court covering damages for injuries he received caused by a window sill falling upon him from a three-storied building which defendant, Tygard, was demolishing. The latter appeals.

It is argued that plaintiff is not entitled to recover, because he was contributorily negligent in that he

walked past the building which was being demolished when he could have seen débris falling from it if he had looked.

Plaintiff was a stranger in the neighborhood, a pedestrian walking along the sidewalk in front of the building. He had no knowledge that it was being torn down. Defendant's negligence is admitted. No sidewalk shed had been erected as the city ordinance required and there was no barricade across the sidewalk. No notice of any kind was given that the window sill was being pried loose and would be permitted to fall to the pavement.

The accident took place about 12:30 midday. The testimony indicates that the workmen engaged on the building had just resumed work after their lunch. In carrying on their demolition, they pried loose the window sill. None of defendant's employees was called to show the conditions surrounding the work or just how the window sill came to get out of hand and drop. Defendant relied solely upon the statement of a witness, called by plaintiff, that he saw some small pieces of brick fall before the window sill came down. This might well be and plaintiff not have any warning that a window sill was to be precipitated into the street. The building had a front of only forty feet. Débris might have been falling just before plaintiff reached the building and not during the short interval while he took the few steps to the part of the pavement adjacent to the center of the building where he was struck. We are not prepared to say that it is contributory negligence as a matter of law for a pedestrian not to look up to see whether buildings which he passes are being torn down. The case in hand is a stronger one for the plaintiff than *Riegert v. Thackery*, 212 Pa. 86, 61 A. 614, in which a stone sill fell from a building which was in course of construction and struck a bystander. There we affirmed a recovery.

Another version of the accident was given by defendant, which was that plaintiff was sitting on a pile of boards eating his lunch when it happened. On the mo-

tion for judgment for defendant we must view the testimony in the light most favorable to plaintiff: *Hostetler v. Kniseley*, 322 Pa. 248, 185 A. 300. Defendant takes the further position that he is entitled to a new trial, because the weight of the evidence was in his favor. Our reading of it does not establish this view nor do we find any reversible error in the charge.

Complaint is made that the verdict of $5,000 is excessive. We are of opinion that it is and that the trial judge should have reduced it. The plaintiff claims to be a horse dentist. His work would appear to be seasonal and uncertain and his earnings problematical. His injuries do not seem to us to be of a serious nature. He had a concussion of the brain which apparently cleared up, a cut ankle and an injured thumb. He complains somewhat of headaches and dizziness at times. He is sixty years old. We think the ends of justice will be met if the verdict is cut down to $3,500. As so reduced the judgment is

Affirmed.