212          86
d 33 SC  189

# Riegert v. Thackery, Appellant.

*Negligence—Fall of stone from building—Contractor—Independent contractor—Evidence—Contributory negligence.*

In an action to recover damages for the death of plaintiff's husband caused by the fall of a window sill from a building in the course of construction, it appeared that the owner of the building, the defendant, had made a contract with a contractor for the erection of the building, and the contractor in turn made a subcontract for the brickwork. One of the workmen on the brickwork negligently pushed the sill so that it fell onto the pavement below, killing the plaintiff's husband. It appeared that some time prior to the accident the contractor had thrown up the contract, and that the owner, desiring to retain him upon the work, employed him as superintendent at weekly wages. The owner thereafter was constantly at the work, directing its progress and employing men. It also appeared that on two occasions before the accident he had refused the workmen permission to cover the sidewalk with a shed. There was evidence that the deceased was standing on the pavement looking at the building when the sill fell. The deceased lived only five or six doors away from the place of the accident. *Held*, that the question of the owner's negligence and the deceased's contributory negligence was for the jury, and that a verdict and judgment for plaintiff should be sustained.

*Negligence—Building operation—Shed to protect pavement—Municipal ordinance.*

In an action for death caused by the fall of a stone from a building in construction, without a shed to protect the pavement, it is not error to admit in evidence a municipal ordinance requiring sheds to be erected where building operations are going on, if the court charges that if the jury should find that a reasonably prudent person, under the circumstances, would not have erected a shed over the pavement, or given warning of the danger from the erection of the building to those on the pavement, the defendant was not negligent, notwithstanding the ordinance.

Argued Jan. 23, 1905. Appeal No. 324, Jan. T., 1904, by defendant, from judgment of C. P. No. 2, Phila. Co., Dec. T., 1904, No. 208, on verdict for plaintiff in case of Pauline Riegert, widow of Godfrey A. Riegert, to use of herself and her minor son, William Riegert, v. Clayton C. Thackery, Frank Sweeney and Simon Weil, individually, appellant, and Morris Weil, Simon Weil, Herman Weil and Moses Weil, trading as Morris Weil & Sons. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before BARRATT, J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff against Simon Weil, defendant, for $7,500. Defendant appealed.

*Errors assigned* among others was admission in evidence of the ordinance referred to in the opinion of the Supreme Court, and various instructions.

*Andrew C. Wylie,* with him *Hopple & Buckman,* for appellant.—If Frank Sweeney, the employer of the two men by whose alleged negligence this accident occurred, is liable for this accident, then it must necessarily follow that the defendant, Simon Weil, is not liable, for there can be but one defendant liable on the doctrine of respondeat superior : Painter v. Pittsburg, 46 Pa. 213 ; Wray v. Evans, 80 Pa. 102 ; Wolf v. American Tract Society, 164 N. Y. 30 (58 N. E. Repr. 31) ; Savitz v. R. R. Co., 199 Pa. 218 ; Alexander v. Water Co., 201 Pa. 252.

The plaintiff's decedent was clearly guilty of contributory negligence in deliberately standing in a place of known danger : Rodgers v. Lees, 140 Pa. 475 ; Gillespie v. McGowan, 100 Pa. 144.

The learned court erred in admitting in evidence the ordinance of August 30, 1849: Rubin v. Miller, 47 Pitts. L. J. 351; Phila. & Reading R. R. Co. v. Ervin, 89 Pa. 71; Gannon v. Wilson, 18 W. N. C. 7; Koch v. Fox, 71 Appellate Division, 288 (75 N. Y. Supp. 913); Willis v. Armstrong County, 183 Pa. 184; Card v. Columbia Twp., 191 Pa. 254; Ohl v. Bethlehem Twp., 199 Pa. 588; Lawrence v. Ins. Co., L. R. 7 Q. B. Div. 216; Mack v. Wright, 180 Pa. 472.

*John M. Vanderslice*, with him *P. F. Dever*, for appellee, cited: Homan v. Stanley, 66 Pa. 464; Allen v. Willard, 57 Pa. 374; Pittsburg v. Grier, 22 Pa. 54; Haverley v. R. R. Co., 135 Pa. 50; Plymouth Twp. v. Graver, 125 Pa. 24; Corbin v. Phila., 195 Pa. 461; Chambers v. Carroll, 199 Pa. 371; Webster v. Coal & Coke Co., 201 Pa. 278.

Opinion by Mr. Justice Brown, May 15, 1905:

On November 19, 1900, the husband of the appellee, while looking through the door of a building in process of erection on North Third street, in the city of Philadelphia, was struck by a stone sill that fell upon him and his death followed as a result several hours afterwards. The sill had been placed on the front wall in green mortar at a height of about eighteen feet from the pavement. The men, who were erecting the wall, when about to quit work, covered the top of it with a board, and in doing so one of them pushed the sill off.

On October 2, 1900, Weil, the appellant, and the only defendant against whom the plaintiff proceeded after her amendment striking out the names of those who had been sued with him, entered into a contract in writing with Clayton C. Thackery for the erection of the building, and Thackery in turn made a contract with one Sweeney for the brickwork. The answers to requests by the defendant for specific instructions were that if Thackery entered upon the work of constructing the building under his written contract with Weil, he was an independent contractor so long as he worked under it, with its terms unchanged, and that if, while it remained unchanged he entered into the one testified to with Sweeney, and the latter, at the time of the accident, was carrying it out as made, the defendant, notwithstanding any change of the contract relation between

himself and Thackery, was not liable for the alleged negligence of the employees of Sweeney. There was evidence, however, that about two weeks before the accident the contract with Thackery was no longer in force. He was called by the plaintiff and, as a manifestly unwilling witness, testified that at the time the sill fell the contract had ceased; that he was then the superintendent of the work for the appellant, who paid him $10.00 a week for his services, and was paying the men and buying the materials. Hartman, who had worked for Thackery, called as a witness by the plaintiff, testified that he was present at an interview between Weil and Thackery some time before the accident, and stated that the former had taken the completion of the building on himself; that the latter had become the superintendent; that he was going to quit, but Weil wanted him to stay and he remained after the work had changed hands, Weil paying him for his services. He further stated that on two different occasions, about a week before the accident, he wanted to cover the sidewalk with a shed, but Weil and Thackery would not permit him to do so, saying they were his bosses, that he was under them, and that he would have to do what they said. In view of this and other testimony the jury were properly instructed that, notwithstanding the contracts between Weil and Thackery, and Thackery and Sweeney, if they found that the defendant was present on the building from day to day, buying materials, paying men, hiring and discharging them, ordering, directing or controlling them on the work, he would be liable to the plaintiff, if their findings as to his negligence and the alleged contributory negligence of the deceased should be against him.

In support of the allegation of negligence there was testimony that the sill had been pushed off the wall by a colored workman in trying to cover the top of the brickwork. Wright, a bricklayer, who was helping to cover the wall, testified that it was customary, while working on a public street and laying a sill in the way this one was laid, to provide some protection from danger along the footway, and admitted that when the sill was put in the green mortar no precautions had been taken to prevent its falling. In being pushed off it was bound to fall on the pavement, and at a point where it might strike a person guilty of no negligence in standing or walking where it fell. In

the erection of buildings facing streets, due regard—care under the circumstances—must always be paid by those erecting them to the safety of those who have a right to use the pavements, and whether there was such regard in the present case was a question of fact for the jury. If proper care by the defendant, through his servants, had not been observed, the plaintiff was entitled to a verdict, if her husband had not been negligent in stopping and looking in at the door. This, too, was a question for the jury and was submitted under proper instructions. The deceased lived only five or six doors from the place of the accident. He must constantly have passed and repassed the place. That he stood in front of the building inspecting it, could not, as a matter of law, under the circumstances, have been pronounced an act of negligence by the court. But the question for the jury was, as stated by the learned trial judge, Was he negligent in taking that position, with the knowledge that it was possible something might happen to injure him, and were the dangers of such a character and so obvious that a reasonably careful and prudent man would not have stood within one or two feet of the wall of a building in the course of erection, because of the possibility of the happening of what did happen?

The plaintiff offered in evidence an ordinance of the city of Philadelphia, its purpose being "to prevent accidents during the construction, repair and alterations of buildings in the city of Philadelphia." It was admitted under objection; and under our cases its admission was not error: Lederman v. Pennsylvania Railroad Company, 165 Pa. 118; Foote v. American Product Company, 195 Pa. 190; Herron v. City of Pittsburg, 204 Pa. 509; Ubelmann v. American Ice Company, 209 Pa. 398. Proof of the violation of the ordinance was not, in itself, any evidence of the defendant's negligence, and the distinct instructions given to the jury were that if they should find that a reasonably prudent person, under the circumstances, would not have erected a shed over the pavement, or given warning of the danger from the erection of the building to those on the pavement, the defendant was not negligent, notwithstanding the ordinance.

None of the assignments can be sustained and the judgment is affirmed.