452 A.2d 743

**John J. BROGLEY and Mary Ann Brogley, his wife, Appellants**

**v.**

**CHAMBERSBURG ENGINEERING COMPANY, a corporation,**

**v.**

**JONES & LAUGHLIN STEEL CORPORATION.**

Superior Court of Pennsylvania.

Submitted Aug. 31, 1981.

Filed Nov. 5, 1982.

318

William Berger, Pittsburgh, for appellants.

Michael W. Burns, Pittsburgh, for Chambersburg, appellee.

John E. Kunz, Pittsburgh, for Jones, appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

WIEAND, Judge:

John J. Brogley, a blacksmith employed by Jones & Laughlin Steel Corporation, was injured in an industrial accident on December 12, 1973, when a die flew off the ram of a steam hammer. The steam hammer had been manufactured by Chambersburg Engineering Company and sold to Jones & Laughlin in May, 1930, more than forth-three years before the accident. An action in trespass was commenced

against Chambersburg Engineering on the grounds that the tapered key assembly by which the die was attached to the ram had been defectively designed. Chambersburg Engineering caused Jones & Laughlin to be joined as an additional defendant[1] on the grounds that the steam hammer had been negligently maintained and the original design altered. The case was tried before a jury which returned a verdict in favor of Brogley for $25,000 against Jones & Laughlin alone. Because Brogley could not recover damages against his employer, the trial court molded the verdict in favor of defendant. Post-verdict motions were denied, judgment was entered on the verdict, and Brogley appealed.[2] We affirm.

■ Brogley had the burden of establishing at trial that the steam hammer was defective, that the defect was the cause of his injuries, and that the defect had existed at the time the product entered the market. See: *Berkebile v. Brantly Helicopter Corporation,* 462 Pa. 83, 93–94, 337 A.2d 893, 898 (1975); *Kuisis v. Baldwin-Lima-Hamilton Corporation,* 457 Pa. 321, 331–332, 319 A.2d 914, 921 (1974); *Smialek v. Chrysler Motors Corporation,* 290 Pa.Super. 496, 501, 434 A.2d 1253, 1256 (1981); *Gill v. McGraw Electric Company,* 264 Pa.Super. 368, 378, 399 A.2d 1095, 1100–1101 (1979); *Cornell Drilling Company v. Ford Motor Company,* 241 Pa. Super. 129, 135–136, 359 A.2d 822, 825 (1976). Chambersburg contended, however, that there had been no defect in the design or manufacture of the steam hammer and that the accident had occurred because Jones & Laughlin had negligently substituted an improperly fitting key and had failed to inspect and discover the dangerous condition which had thus been created. To support this contention and to establish the general duty of care required of an employer, Chambersburg offered in evidence and the trial court re-

1. The joinder of an employer is barred by Section 303(b) of the Workmen's Compensation Act of December 5, 1974, P.L. 782, No. 263, 77 P.S. § 481(b), only where the accident occurred after February 5, 1975, the effective date of the Act.

2. Jones & Laughlin appealed also, but solely to protect its rights in the event Brogley were to be awarded a new trial.

ceived, over objection, an OSHA regulation which required employers to "maintain all forging equipment in a condition that would insure continued safe operation." Appellant contends that this was error.

Although the courts of this state have not had occasion to rule on the admissibility of OSHA regulations as evidence of negligence, they have uniformly held admissible other safety codes and regulations intended to enhance safety. See: *Groh v. Philadelphia Electric Company,* 441 Pa. 345, 349–350, 271 A.2d 265, 267 (1970); *Janowicz v. Crucible Steel Company of America,* 433 Pa. 304, 307–308, 249 A.2d 773, 775 (1969); *Heck v. Beryllium Corporation,* 424 Pa. 140, 226 A.2d 87 (1966); *Skoda v. West Penn Power Company,* 411 Pa. 323, 330, 191 A.2d 822, 826 (1963); *Kuisis v. Baldwin-Lima-Hamilton Corporation, supra* 457 Pa. at 330, 319 A.2d at 920; *Lambert v. PBI Industries,* 244 Pa.Super. 118, 132, 366 A.2d 944, 951 (1976); *Burke v. Duquesne Light Company,* 231 Pa.Super 412, 416–417, 332 A.2d 544, 545–546 (1974); *Berkebile v. Brantly Helicopter Corporation,* 219 Pa.Super. 479, 484, 281 A.2d 707, 710 (1971). See also: *Bunn v. Caterpillar Tractor Company,* 415 F.Supp. 286, 292–293 (W.D.Pa.1976), *aff'd,* 556 F.2d 564 (1977), *cert. denied,* 434 U.S. 875, 98 S.Ct. 224, 54 L.Ed.2d 154 (1977); Restatement (Second) of Torts, § 285. The courts of other states which have considered the issue, moreover, have held that OSHA regulations are admissible as a standard of care, the violation of which is evidence of negligence. See: *Kelley v. Howard S. Wright Construction Co.,* 90 Wash.2d 323, 336, 582 P.2d 500, 508 (1978); *Koll v. Manatt's Transportation Co.,* Iowa, 253 N.W.2d 265, 269–270 (1977); *DiSabatino Brothers, Inc. v. Baio,* Del., 366 A.2d 508 (1976); *Dunn v. Brimer,* 259 Ark. 855, 537 S.W.2d 164 (1976); *Buhler v. Marriott Hotels, Inc.,* 390 F.Supp. 999 (E.D.La.1974); *Arthur v. Flota Mercante Grain Centro Americana S.A.,* 487 F.2d 561 (5th Cir.1973), *reh. denied,* 488 F.2d 552 (5th Cir.1974). See also: Anno., Violation of OSHA Regulation as Affecting Tort Liability, 79 A.L.R.3d 962 (1977). In the instant case,

we conclude that the trial court did not err in receiving an OSHA regulation to show the employer's duty of care.

Appellant also contends that it was error to permit Eugene Clarke, Jr., Chambersburg's expert witness and employee, to testify that an improperly fitted key had been substituted by Jones & Laughlin and was the direct cause of the accident. This, he contends, was an opinion not contained in a pre-trial report submitted to appellants during a pre-trial conference held pursuant to Pa.R.C.P. 212. The admission of expert testimony is a matter within the sound discretion of the trial court, whose rulings thereon will not be reversed absent a manifest abuse of discretion. *Laubach v. Haigh,* 433 Pa. 487, 491, 252 A.2d 682, 683 (1969); *Kubit v. Russ,* 287 Pa.Super. 28, 34–35, 429 A.2d 703, 706 (1981); *Junk v. East End Fire Department,* 262 Pa.Super. 473, 492, 396 A.2d 1269, 1278 (1978); *Hussey v. May Department Stores, Inc.,* 238 Pa.Super. 431, 435, 357 A.2d 635, 637 (1976). There was no abuse of discretion in the instant case.

■ The report prepared by Clarke and furnished to appellant reviewed technical data regarding the interference joint between the ram and die as originally designed and manufactured by Chambersburg and as the joint appeared on August 25, 1976 and July 26, 1978 when Clarke examined the steam hammer. He summarized his findings and conclusions as follows: "It is concluded that the ram-to-die joint originally employed by Chambersburg was a proper and safe arrangement; that the addition of a bolt and nut to the key does not enhance the safety of this arrangement; and that at the time of the accident an improper key and shims were being employed to secure the die to the ram which became the proximate cause of the accident." The trial court concluded, and we agree, that Clarke's trial testimony ws consistent with the conclusions contained in his report. There was no error in permitting the witness to testify that the improperly fitted key substituted by Jones & Laughlin for the one originally inserted by the manufacturer had been the direct cause of the accident. The decision in *Gill v. McGraw Electric Company, supra,* upon which appellant

relies, is not apposite. In that case the party seeking to call the expert witness at trial had not provided opposing counsel with either the name of the witness or a copy of his report despite a pre-trial order directing such disclosure.

■ Appellant's averment that the trial court's jury instructions contained error is equally without merit. When reviewing an allegation of error in the court's charge, we must "look to the charge in its entirety, against the background of the evidence in each case, in order to determine whether an error was committed and whether any prejudice resulted." *Jacob Kline Cooperage, Inc. v. George W. Kistler, Inc.,* 286 Pa.Super. 84, 89, 428 A.2d 583, 586 (1981). Accord: *McCay v. Philadelphia Electric Co.,* 447 Pa. 490, 499, 291 A.2d 759, 763 (1972); *Mount v. Bulifant,* 438 Pa. 265, 270, 265 A.2d 627, 630 (1970); *Whitner v. Lojeski,* 437 Pa. 448, 454, 263 A.2d 889, 892 (1970); *Smith v. Chardak,* 291 Pa.Super. 173, 175, 435 A.2d 624, 625 (1981); *Slavish v. Ratajczak,* 277 Pa.Super. 272, 274, 419 A.2d 767, 768 (1980); *Albert v. Alter,* 252 Pa.Super. 203, 217, 381 A.2d 459, 466 (1977).

■ The trial court charged generally that it was for the jury to determine whether the design had been defective. It also charged that the jury could consider evidence of wide use of the same design by other manufacturers at the time of manufacture of the steam hammer as evidence that the design had not been defective. This was a correct instruction. It was not error to fail to charge, as appellant requested, that general use of a certain design in an industry does not excuse a manufacturer from liability.

■ Also, it was not error to refuse an instruction that the jury should not calculate damages if they found Jones & Laughlin alone liable. Prior to the 1974 amendment to the Workmen's Compensation Act, "[A]ny non-employer defendant who [was] the joining party [might] allege the sole liability of the additional defendant employer, and ha[d] the *concomitant right to an instruction to that effect,* if the evidence he. produce[d] justifie[d] such instruction. This [was] equally as true in the situation . . . where the addi-

tional defendant ha[d] the defense of workmen's compensation but [could] *not raise it at trial* against the original plaintiff." *Burke v. Duquesne Light Company, supra* 231 Pa.Super. at 419–420, 332 A.2d at 547 (emphasis supplied). See also: *Atkins v. Urban Redevelopment Authority of Pittsburgh,* 489 Pa. 344, 355, 414 A.2d 100, 105 (1980); *Winters v. Herdt,* 400 Pa. 452, 455, 162 A.2d 392, 393 (1960); *Hinton v. Waste Techniques Corporation,* 243 Pa.Super. 189, 195, 364 A.2d 724, 727 (1976). The defense of workmen's compensation could not properly have been raised during the instant trial. *McIntyre v. Strausser,* 365 Pa. 507, 76 A.2d 220 (1950). However, the fact of workmen's compensation did not affect the right of the defendant to try its case in negligence and to have the trier of fact determine which, if any, defendant was negligent. *Burke v. Duquesne Light Company, supra* 231 Pa.Super. at 420, 332 A.2d at 547. The trial court did not err by rejecting appellant's attempt to suggest to the jury indirectly the fact that the payment of workmen's compensation prevented recovery of a verdict returned against appellant's employer alone. See: *Socha v. Metz,* 385 Pa. 632, 640, 123 A.2d 837, 841 (1956); *McIntyre v. Strausser, supra; Hinton v. Waste Techniques Corporation, supra.*

The trial was fairly and correctly conducted, and the judgment, therefore, is affirmed.