495 A.2d 601

Nathaniel G. WOOD, Executor of the Estate of Reverend George H. Wood, deceased, Appellant,

v.

Mark E. SMITH and Robert Whittaker, Ind., and t/a Smith and Whittaker, a Partnership.

Superior Court of Pennsylvania.

Argued Nov. 27, 1984.

Filed June 28, 1985.

548

Richard A. Weisbord, Philadelphia, for appellant.

Michael S. Valimont, Doylestown, for appellees.

Before WIEAND, MONTEMURO and CERCONE, JJ.

CERCONE, Judge:

This appeal arises from an Order of the Court of Common Pleas of Bucks County, sitting *en banc*, denying appellant's (plaintiff below) motion for a new trial. The case arose from an unfortunate mishap wherein the plaintiff's decedent fell off a scaffolding which had been erected outside of his house by the defendants with whom he had contracted to do masonry work on his home. The executor of the deceased's estate ("appellant") commenced actions in tres-

pass for wrongful death and survival against the defendants. The case was tried before a jury. The jury found the decedent to be comparatively negligent and assessed that negligence at fifty percent (50%). The jury awarded damages in the amount of $10,000 in the wrongful death action and found no damages in the survival action. The court molded the verdict into an award in favor of the plaintiff in the amount of $5,000.00.

The appellant raises several issues in this appeal. They are (1) the jury's award of $10,000 in wrongful death damages was inadequate; (2) the trial court erroneously charged on wrongful death damages; (3) the trial court erred in refusing plaintiff's request to offer rebuttal evidence on the issue of the decedent's contributing negligence; (4) the trial court erred by refusing to explain decedent's right and duty as a landowner to inspect the work of his independent contractors; and (5) the lower court erred in refusing to adequately define the concept of negligence.

In passing upon the propriety of the refusal of a new trial, our inquiry is whether the court below abused its discretion or committed an error of law which controlled the outcome of the case. *Abbott v. Steel City Piping Co.,* 437 Pa. 412, 263 A.2d 881 (1970). We will look to the charge in its entirety, against the background of evidence in the case, in order to determine whether an error was committed and whether any prejudice resulted. *Jacob Kline Cooperage, Inc. v. Kistler, Inc.,* 286 Pa.Super.Ct. 84, 89, 428 A.2d 583, 586 (1981).

The primary duty of a trial judge in charging a jury is to clarify the issues so that the jury may comprehend the questions they are to decide. The instructions must give the jury a reasonable guide for the determination of the question of the defendant's or plaintiff's alleged negligence and on the degree of care or duty to inspect required by any person. The jury cannot determine wheth-

er a party is guilty of negligence or contributory negligence without knowing the degree of care required of that party. *See, generally, Crotty v. Reading Industries,* 237 Pa.Super.Ct. 1, 345 A.2d 259 (1975).

The appellant argues that the trial court erred in its instructions to the jury on the concept of negligence generally. Specifically, appellant argues that the trial court erred by refusing to explain the decedent's right and duty as a landowner to inspect the work of his independent contractors and by refusing to explain the legal significance of government and industry standards which had been testified to during the trial.

■ We look first to instructions on government and industry standards. The defendants submitted evidence that the scaffolding had been constructed by such methods as are generally used in the trade. The plaintiff submitted evidence that the scaffold did not comport with Occupational Health and Safety Act ("OSHA") and American National Standards Institute ("ANSI") standards pertaining to scaffolding. All of this evidence was properly admitted. In *Brogley v. Chambersburg Engineering Co.,* 306 Pa.Super.Ct. 316, 452 A.2d 743 (1982), we held that evidence of OSHA regulations is admissible as a standard of care, the violation of which is evidence of negligence. *See, also, Restatement (Second) of Torts* § 286; and, 27 P.L.E. § 175, Violation of Statute or Ordinance: "Proof of the violation of a statute or ordinance is permissible, not as conclusive proof of negligence, but as evidence to be considered with all other evidence in the case." *Accord: Riegert v. Thackery,* 212 Pa. 86, 61 A. 614 (1905) (The Supreme Court recognized that the jury could be instructed on the weight to be given municipal ordinances in a negligence case.)

■ The specific question to be discussed here is whether, or to what extent, the trial court was required to instruct the jury on the relevance of such standards to the

552

issue of negligence. The trial court's instructions which most directly related to this issue were as follows:

Therefore, in determining whether the defendants were negligent, the test would be whether they exercised such care in the erection and maintenance of the scaffold as an ordinary prudent and careful person would have exercised in the same situation and under the same circumstances.

We find that in the context of the entire charge and in view of the fact that the jurors were presented with two standards of conduct, the above quoted charge is an insufficient explanation of the degree of care required by the defendants.[1] Without further explanation, the jury may very reasonably have assumed that since the defendants were not required by law to adhere to the OSHA or ANSI standard, their failure to do so was irrelevant. As it reads, the charge seems to indicate that the defendants' conduct need only be measured against that generally used in the trade and not against the more stringent OSHA and ANSI standards. The customary method of performing work could be a negligent method despite the fact that it was in general use in the trade and could, if the evidence warrant-

1. In appellee's brief on appeal, they note that the expert who testified as to the OSHA and ANSI standards stated that the primary function of the standards is for the protection of employees working on the scaffolding as opposed to non-employees. In response to this argument seeking to limit the standards from applying in this case, we note and adopt the Restatement (Second) of Torts § 286 which provides:

The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part (a) to protect a class of persons which includes the one whose interest is invaded, and (b) to protect the particular interest which is invaded, and (c) to protect that interest against the kind of harm which has resulted, and (d) to protect that interest against the particular hazard from which the harm results.

We find that, as a matter of law, the OSHA and ANSI regulations were developed to protect any person rightfully on the scaffolding, not employees only.

ed it, be found so by the jury.[2]  *See DeMarco v. Frommyer Brick Co.,* 203 Pa.Super.Ct. 486, 492, 201 A.2d 234 (1964).

■ Where a charge is generally accurate, but misleads the jurors on a critical issue, a new trial should be granted. *Hamil v. Bashline,* 481 Pa. 256, 275, 392 A.2d 1280, 1289 (1978). *See also, Leopold v. Davies,* 246 Pa.Super.Ct. 176, 369 A.2d 868 (1977). The charge as previously quoted was not inaccurate. It was, however, incomplete and misleading when reviewed in the totality of the circumstances. The issue of the defendants' negligent construction of the scaffolding is central to this case. Because of the trial court's error in charging on this issue, and on other issues to be discussed, we must remand for a new trial.

The appellants' next charge of error is that the trial court refused to instruct the jury on the decedent's duty, as a landowner, to inspect the work of contractors on his land. Such a duty may have made the decedent's presence on the scaffolding either lawful or, at the least, foreseeable to the defendants and thus increased their duty of care to protect him from their own acts of negligence. The trial court's instructions to the jury on the issue of the defendant's duty of care to the decedent provided, *inter alia:*

What is reasonable care depends on and must be in keeping with the use that the defendant expected to be made of that property by the plaintiff-decedent. You will recall that I said that they may be liable for resulting damage if he was lawfully on the scaffold. In that regard, then I will ask you to examine this evidence to determine for yourself whether or not:

Firstly, the plaintiff-decedent was invited onto the scaffold. Clearly, if you are persuaded by the weight of the evidence that he was invited onto the scaffold, then you will need to get into the question of whether or not the men who maintain that scaffold, owed a duty of care to the plaintiff-decedent, and whether they violated that

---

**2.** We note that plaintiff did not ask for this specific charge, however, since we are remanding for a new trial, we suggest that this point should be made to the new jury.

duty of care by erecting a defective or dangerously unstable or otherwise defective set of scaffolding. You have the evidence on that and I am not going to get into that again with you.

If you find that the plaintiff-decedent was invited up to the scaffolding, and that there was a duty to make the place safe for him, and that they failed in a certain respect to do so; and if that failure to make that scaffolding safe, if you find it was unsafe, was the proximate cause of the plaintiff-decedent's injuries and death, then he may recover ... Did the Reverend come upon this scaffold because he had a privilege to do so whether or not he was asked up?

I will ask you to examine the contract, the construction contract and the evidence on the question of whether or not the parties either by their contract or by their words, or by their conduct, vis-a-vis one another, reached a general understanding of the Reverend, as owner of the premises, had a duty or obligation and a correlative right to go and inspect the work which could not be done effectively without going on the scaffold; in which case he would have the right to be there; in which case, they owed him a duty to give him a safe scaffold.

But that is the investigation you will have to make. If you decide the question of whether he was invited, then I don't think you would have to get to the second question, if you find in the first instance, that he was invited. I think you would only get to the second proposition if you determine from this evidence, that he wasn't invited. And so, you will have to look into the question of whether uninvited or invited, whether he had a right to be on the scaffold by reason of his relationship to these parties, by reason of the contract, by reason of something they said or did that would give rise to a conclusion on your part that they understood that he had the duty, obligation and right to inspect the property and couldn't do it effectively any other way except by being on it.

If you find that he did have a right to be on the scaffold in order to effectively carry out his right and duty to inspect the property, then you must pass to whether or not they violated their duty of care to him since they could reasonably have foreseen under that circumstance that he would one day be upon the scaffold doing the inspecting.

If you find however, that there was no contractual basis or anything in the conduct or words of the parties which gave rise to such a privilege on his part to be on the scaffold, then pass to the third proposition which is: If he had no invitation to be there, and if he had no privilege to be there, then he was like anybody else, a trespasser.

It is clear from the foregoing exerpts of the trial court's charge that the jurors were precluded from considering the decedent's duty, imposed by law, to inspect his property for possible defects. Any contract or agreement between the parties could not have negated this duty which is imposed on every landowner in the interests of public safety. This charge by the court erroneously limited the jury's consideration of decedent's duty and, following from that duty, what the defendants should reasonably have foreseen. The questions of whether the decedent was required to ascend the scaffolding in the performance of this duty or whether he did so in a reckless manner are still questions for the jury to decide.[3]

The trial court instructed the jury that if the decedent had no right or duty to be on the scaffold and the defendants had no previous knowledge of his use of the scaffold, then they (the defendants) owed him no more than the duty to refrain from injuring him as a consequence of wilful or reckless conduct. The issue of the decedent's right to be on the scaffolding and the foreseeability of his actions are

---

**3.** It would be inequitable for the state, on one hand, to impose a duty on a landowner to inspect his property and, on the other hand, allow him to be found contributorily negligent for reasonably doing that which the state has said he must do.

central both to the plaintiff's claim that the defendants' actions were negligent as well as to the defendants' contributory negligence claim. The trial court's erroneous instruction on these issues by its failure to instruct on plaintiff's requested point for charge is reversible error.

Because we reverse and remand for a new trial, we do not reach the other issues raised by the appellant in this case.

Reversed and remanded for a new trial.

Jurisdiction is relinquished.

WIEAND, J., files a concurring opinion in which MONTEMURO, J., joins.

WIEAND, Judge, concurring:

I concur in the decision to reverse and remand for a new trial. However, I would rest the granting of a new trial solely on the refusal of the trial court, upon request, to instruct the jury on the significance of the OSHA regulations which had been introduced into evidence. I find no other error.

As a general rule, "[a]n independent contractor is in possession of the necessary area occupied by the work contemplated under the contract and his responsibility replaces that of the owner who is, during the performance of the work by the contractor, out of possession and without control over the work or the premises." *Hader v. Coplay Cement Mfg. Co.*, 410 Pa. 139, 151, 189 A.2d 271, 277 (1963). See also: *Bitting v. Wolfe*, 368 Pa. 167, 82 A.2d 21 (1951); *Engle v. Reider*, 366 Pa. 411, 77 A.2d 621 (1951), *overruled on other grounds, Mathis v. Lukens Steel Co.*, 415 Pa. 262, 203 A.2d 482 (1964). It is only upon completion of the work that the owner is expected to make such inspection as a reasonably prudent lay person would be capable of performing. *Doerr v. Rand's*, 340 Pa. 183, 186, 16 A.2d 377, 378 (1940); *Martin v. Wentz*, 145 Pa.Super. 424, 429, 21 A.2d 444, 446 (1941); 21 P.L.E. Labor § 203 (1959).

In the instant case, the Reverend George H. Wood had contracted with Smith and Whittaker to do some masonry work at his home. A dispute arose concerning the placement of the final courses of brick. The masons requested Wood to come outside and advise them how he wanted the work completed. Wood ascended the scaffolding, but fell upon reaching the top and sustained injuries which caused his death. In a trial to recover survival and wrongful death damages, his executor contended that he had been "invited" to go upon the scaffolding to inspect the work. The contractor's evidence, however, was to the effect that Wood had been told not to climb upon the scaffold, that he could see the work from the ground.

This issue was properly left to the jury upon adequate instructions. It was not error, as Judge Cercone would hold, to allow a jury to find that the owner was a trespasser if he ignored the contractor's warning and climbed upon scaffolding which was in the possession and control of the masonry contractor. He was not privileged to enter upon the scaffolding, which was under the control of the contractor, without the contractor's consent. Therefore, I find no error in this aspect of the case.

In *Gradel v. Inouye*, 491 Pa. 534, 421 A.2d 674 (1980), the Supreme Court held that the trial court had properly refused a point for charge that an award would not be subject to federal income tax. During the course of discussing this issue, the Supreme Court said: "[i]ncome tax as it relates to damages should be mentioned neither in argument nor in jury instructions." *Id.*, 491 Pa. at 547, 421 A.2d at 680. A panel of this Court, in *Logan v. Stelmach*, 352 Pa.Super. 181, 472 A.2d 708 (1984) interpreted *Gradel v. Inouye, supra,* as mandating a new trial whenever the subject of income tax has been mentioned in jury instructions, even though the applicable law has been correctly stated. I disagree with this interpretation. The holding of *Gradel* was that it was proper to refuse a point for charge regarding the non-taxability of a verdict. The suggestion that income tax should not be mentioned in any way during

argument or in jury instructions was dictum. That dictum does not require a new trial where, as here, the jury has been correctly instructed that it should neither "add anything or subtract anything to this award by reason of income taxes, for the simple reason that an award of this nature is not taxable."

The trial court erred, however, when it refused a requested jury instruction that a failure to construct and maintain scaffolding in accordance with requirements of OSHA was evidence of negligence. Appellant had produced evidence that the masonry contractor's scaffolding did not comply with OSHA or industry standards. An expert witness explained those deviations to the jury. Therefore, the jury should have been instructed regarding the significance of the deviations.

A failure to comply with OSHA regulations is not negligence per se, but it is some evidence of negligence. *Brogley v. Chambersburg Engineering Co.*, 306 Pa.Super. 316, 452 A.2d 743 (1982). Appellant's requested instruction was in accord with this rule of law. The trial court refused the request, and gave no other instruction regarding the significance of the expert's testimony or the OSHA regulations.

Appellee argues that the omission was harmless. Although it must be conceded that OSHA regulations are intended to require minimum safety standards for employees, the decedent, if he had been invited to come upon the scaffolding, would have been included within the protection of the OSHA regulations. It must also be conceded that the jury did, in fact, find appellee and appellant's decedent equally negligent in causing the fatal fall. It is possible, however, that the court's inadequate instruction regarding negligence had a misleading effect on the jury's determination. Therefore, I am unable to accept appellee's argument that the trial court's omission was harmless.

I find no merit in appellant's arguments (1) that the trial court erroneously disallowed rebuttal evidence and (2) erroneously instructed the jury concerning recoverable damages. With respect to the alleged inadequacy of the ver-

dict, I find it unnecessary to express an opinion. It may be observed, however, that the trial judge, who heard the evidence and saw the witnesses, believed it to be a "compassionate verdict, rendered by a jury which was struck by the patent evidence of the decedent's overwhelming contributory negligence but reluctant nevertheless to turn the widow away totally empty-handed." The record does not belie this assessment.

I concur in the result.

MONTEMURO, J., joins in this Opinion.