**Lundell v. Czajkowski**

*William Patrick Delaney,* for plaintiffs.
*Gary Eiben,* for defendant Fort LeBoeuf School District.
*Stephen M. Elek,* for defendants Leonard Czajkowski and Erie County Technical School.

LEVIN, *J.,* March 15, 1990 — Before this court are preliminary objections filed by defendants. The principal objection and primary subject of this opinion is defendants' motion to strike on the grounds that plaintiff's claim is improperly based on an alleged violation of the Health and Safety Act, 43 P.S. §25-1 et seq.

This action arises out of an incident which occurred on February 15, 1989, at Erie County Technical School. Plaintiff, a minor, asserts that on that date, he was a student at the school, and was enrolled in a carpentry class taught by defendant Czajkowski. Plaintiff alleges that while operating a table saw in this class, he was injured when his left hand came in contact with the blade. He further asserts that Czajkowski had removed or failed to replace the safeguards originally attached to this table saw, and that such conduct was a violation of, and constitutes a crime under, 43 P.S. §25-1 et seq.

Under normal circumstances plaintiff would be unable to hold the school district liable for such injuries as they would be shielded by governmental immunity under 42 Pa.C.S. §8541. Plaintiff is attempting to remove this shroud of governmental

immunity by the assertion that Czajkowski's behavior constituted wanton and willful misconduct. Under Pennsylvania law, the cloak of immunity is lifted in cases where it is determined that the employee of a local agency has caused personal injury as a result of an act which constituted a crime or willful misconduct, 42 Pa.C.S. §8550. It is plaintiff's argument that removal of the guards on the table saw was a crime or a violation under 43 P.S. §25-6, and that, therefore, there can be no governmental immunity. Plaintiff is utilizing this statute to establish a violation of the requisite standard of care. Such statute states:

"§25-6. *Removal of Guards* —

"No person shall remove or make ineffective any safeguard, safety appliance or device attached to machinery except for the purpose of immediately making repairs or adjustments, and any person or persons who remove or make ineffective any such safeguard, safety appliance or device for repairs or adjustments shall replace the same immediately upon the completion of such repairs or adjustments."

Subsequent sections of the Health and Safety Act outline the penalties to which an individual may be subject for a violation of the provisions of the act. 42 P.S. §25-15.

Defendants' position is essentially that standards of the Health and Safety Act apply only to the work place and employer/employee situations. Defendant, in doing so, asserts that plaintiff cannot base his cause of action on the statute as it is unavailable in a student/school district scenario. Defendant argues that only compensated employees are protected by this statute. Defendant bases the employer/employee requirement on 43 P.S. §25-1 as follows:

"§25-1. *Definitions* —

"The term 'establishment' shall mean any room building or place within the commonwealth where persons are employed or are permitted to work for compensation of any kind to whomever payable, except farms or private dwellings, and shall include those owned or under the control of the commonwealth and any political subdivision thereof as well as school districts."

As previously cited, the only limitation with regard to the Health and Safety Act is that it applied to conditions in "establishments" as defined by 43 P.S. §25-1. There is no question, upon an independent examination of the statute, that the classroom in which plaintiff was taught was such an establishment.

Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage. 1 Pa.C.S. §1903. The words of this statute are free from ambiguity on this subject. A schoolroom is "a place within the commonwealth where persons are employed" (teachers) or "permitted to work for compensation of any kind, to whomever payable." Further, a classroom is part of the "school district" which is specifically listed as an establishment under the statute. There is no requirement that the injured party, in this case a student, be one of the compensated or employed parties. The statute requires that a person in the room be employed or compensated, but as long as that requirement is met, the room is an establishment. The exact language requires compensation "to whomever payable."

The legislature could have specifically excluded non-employees from the statute's protection but did not; the failure to do so indicates that they did not wish to exclude such persons from the protection of

the statute. A statute or ordinance such as this may properly be construed as intending to protect all persons against the particular hazard. The harm to plaintiff was caused by the exact hazard that the statute seeks to protect against. The only element of the statute limited to employers or employees is the imposition of the penalties. The employer/employees are the parties to be held to the requisite standard of conduct to prevent this precise harm.

In ascertaining the intention of the General Assembly in the enactment of a statute, the presumption that the assembly does not intend an absurd result may be used. 1 Pa.C.S. §1922(1). The logic of words should yield to the logic of reality. Brandeis, Louis D., in *DiSanto v. Pennsylvania,* 273 U.S. 34 (1927). An argument that health and safety standards may be invoked as standards of care only when an employee is injured is absurd. The injured-party plaintiff could potentially be any person rightfully present in such an establishment who falls victim to the substandard equipment. To find otherwise would permit schools to engage in what is "criminal activity" under this statute, with impunity toward their victims if the victim is anyone other than an employee. Students would be rendered victims of crime without remedy. Neither common sense nor an interpretation of the statute allows such a result. In fact, an interpretation of the statute would demand otherwise. A statute must be read in the "broad context of the evils it aimed at and the good it hoped for." Jackson, Robert H., in *United States ex rel. Marcus v. Hess,* 317 U.S. 537, 577 (1943). There is no logical reason to construe this statute to protect only employees. The statute's goal is to protect anyone rightfully in the establishment or workplace from injury due to faulty, defective equipment. The statute contemplated situations

like the case at bar by specifically listing the school districts as establishments. Plaintiff student was an intended member of the class that this statute seeks to protect.

Defendant cites two cases to support his position. In both cases students attempted to invoke the predecessor to the current Health and Safety Act in an effort to hold a school district liable for personal injuries. In one case it was alleged that a violation of the Health and Safety Act constituted a nuisance. Both courts found the statute applicable to places where persons work for compensation and to employees, but not students. See *Soley v. Nelson*, 7 D.&C. 2d 12 (1955); *Golish v. School District of the Borough of Windber, Somerset County*, 15 Somerset Leg. J. 125 (1950).

These cases are distinguishable for two reasons. First, plaintiff is not basing his action on the Health and Safety Statute. He is utilizing the statute as a vehicle to define the requisite standard of care in a school environment, and to escape the potential defense of sovereign immunity. Secondly, this is no longer the law in Pennsylvania. Courts have upheld the application of the standards of conduct enumerated in the Health and Safety Statute to establish requisite standards of care or a lack thereof in personal injury actions. *Wood v. Smith*, 343 Pa. Super. 547, 495 A.2d 601 (1985).

Also, unlike the case scenarios cited by defendant in *Golish* and *Soley, supra,* plaintiff is not invoking the Health and Safety Act as the sole vehicle to hold the school liable nor does plaintiff seek to impose the penalties of 43 P.S. §25-15. Plaintiff is seeking to utilize the health and safety standards of 43 P.S. §25-6 as that of a reasonable man, and have those standards apply in this case as the appropriate-

conduct standard that the school district and its employees be held to.

Section 286 of the Restatement of Torts provides that:

"The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part:

"(a) to protect a class of persons which includes the one whose interest is invaded; and

"(b) to protect the particular interest which is invaded; and

"(c) to protect that interest against the kind of harm which has resulted; and

"(d) to protect that interest against a particular hazard from which the harm results."

This section of the Restatement has been accepted by the Pennsylvania Supreme Court in *Majors v. Broadhead Hotel,* 415 Pa. 165, 205 A.2d 875 (1965). See also *Congini by Congini v. Portersville Value Company,* 504 Pa. 157, 470 A.2d 515 (1983). Comment (d) to section 286 provides in part that the court is free to adopt and apply the standard of conduct provided by statute when making its own judicial rules.

Under Pennsylvania law, this court may adopt the requirement of the Health and Safety Act as the appropriate standard of conduct in this case. See *Wood v. Smith,* 343 Pa. Super. 547, 495 A.2d 601 (1985). Thus, plaintiff may allege violations of said statute as a vehicle to remove the cloak of governmental immunity. In *Wood, supra,* plaintiff was a landowner, not an employer or employee, who sought to recover for injuries (death) due to a failure to comply with OSHA and ANSI standards governing scaffolding. In response to an argument seeking to limit the standards from applying in that case, the

court adopted Restatement (Second) of Torts §286, and found that as a matter of law, OSHA and ANSI regulations were developed to protect any person rightfully on the scaffolding, not only employees. Similarly, plaintiff was rightfully on school district property using a table saw under Mr. Czajkowski's supervision. Plaintiff was a victim of the exact harm the standards of the statute seek to prevent. See also, *Dallas v. F.M. Oxford Inc.,* 381 Pa. Super. 89, 552 A.2d 1109 (1989).

Accordingly, this court finds that plaintiff has properly utilized the standards of the Health and Safety Act to establish a violation of the requisite standard of care by school officials in an attempt to remove the cloak of governmental immunity. The Health and Safety Act penalizes the type of substandard conduct alleged without regard to whether an injury occurred. Once this misconduct is established, the focus of analysis switches to the Governmental Immunity Act, 42 Pa.C.S. §8550.

As to the defendants' other preliminary objections, they will be discussed ad seriatim:

Defendants' preliminary objections as to paragraphs 13, 22 and 23 in the nature of *Conners* objections are sustained due to the fact that they lack sufficient specificity in that they do not state which regulations and standards are violated.

The allegations contained throughout the complaint as to defendants' criminal activity should also be stricken. The court will allow plaintiff to utilize the Health and Safety Act as a vehicle to avoid a sovereign immunity defense and to provide protection for an otherwise unprotected party, but as plaintiff does not seek to impose the penalty provisions of 43 P.S. §25-15, the criminal references shall be stricken.

## ORDER

And now, March 15, 1990, it is hereby ordered, adjudged and decreed that defendants' preliminary objections as to paragraphs 13, 22 and 23 for lack of specificity are hereby sustained, with leave granted to plaintiff to file an amended pleading within 30 days. Defendants' objections as to plaintiff's utilization of the Health and Safety Statute are not sustained. However, defendants' objections to any reference to the criminality of defendants' behavior are sustained and such references are ordered stricken.