**Harry KABO**

v.

**UAL, INC., individually and t/a United Airlines.**

**Civ. A. No. 90–1035.**

United States District Court, E.D. Pennsylvania.

Feb. 19, 1991.

Charles J. Geffin, Michaelson & Geffin, Philadelphia, Pa., for Harry Kabo.

Jonathan S. Ziss, Silverman & Coopersmith, Philadelphia, Pa., for UAL, Inc.

## MEMORANDUM

NEWCOMER, Senior District Judge.

Plaintiff brought this action to recover damages for personal injuries, alleging that he suffered a heart attack while lifting a suitcase at defendant's counter at Philadelphia International Airport. Plaintiff claims that defendant acted negligently by (1) inviting him to assist in checking in and handling the baggage of passengers, in violation of the Air Carriers Standard Security Program (ACSSP) and defendant's internal rules, (2) failing to staff its counter with adequate personnel to process passengers and baggage, and (3) failing to warn plaintiff of the potential risk of injury in handling baggage that is being checked. Presently before the court is defendant's motion for summary judgment. Because, as a matter of law, defendant breached no duty to plaintiff, defendant's motion will be granted.

### I. Factual Background

The following facts are not in dispute. At all times relevant to this action, plaintiff was the president of Get–A–Way Travel, Inc. On July 4, 1987, plaintiff went to Philadelphia International Airport to assist a group of approximately 50 senior citizens who had booked a tour through his travel agency and were departing on a United Airlines flight. Plaintiff arrived at the airport before the tour group and was told that a separate counter had been set aside to check in the group. When the group arrived, plaintiff was invited by one or two customer service representatives of defendant to go behind the counter and assist in checking in the group. For the next 15 to 30 minutes, plaintiff worked with at least one of defendant's customer service representatives tagging and lifting the baggage of the group. At some point during that time, plaintiff observed an elderly man struggling to lift a heavy piece of luggage. Plaintiff reached over the counter and picked up the luggage. As he did so, he "felt like something busted or tore" in his

upper chest. Plaintiff left the check-in area, sat down, and then drove home. Over the next two days, plaintiff continued to feel pain in his chest and on July 7 he went to a hospital where he was diagnosed as having suffered a heart attack. Plaintiff had no prior history of heart trouble.

## II. Standard of Review

Summary judgment may be granted where the pleadings and evidence, viewed in the light most favorable to the nonmoving party demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Turner v. Schering–Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment has the initial burden of "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine material issue of fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). "[O]nce the moving party has sustained this burden, the opposing party must introduce specific evidence demonstrating that there is a genuine issue for trial." *Williams v. Borough of West Chester*, 891 F.2d 458, 464 (3d Cir.1989) (citing *Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–53).

## III. Analysis

Recovery in negligence is not available unless defendant owes a duty of care to plaintiff. *Bradshaw v. Rawlings*, 612 F.2d 135, 138 (3d Cir.1979), *cert. denied*, 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980) (applying Pennsylvania law). Duty is defined as the obligation to conform to a reasonable standard of conduct. W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on the Law of Torts § 53, at 356 (5th ed. 1984). Plaintiff claims his injuries resulted from defendant's breach of four separate duties.

■ First, plaintiff contends that defendant breached a duty to comply with the ACSSP. The ACSSP is a security program enforced by the Federal Aviation Administration and implemented by domestic and international airlines operating at airports and terminals in the United States. Plaintiff's Request for Admissions No. 1 and Defendant's Reply, Plaintiff's Appendix I, Exhibit 3. As of July 4, 1987, defendant was a signatory to the ACSSP. Plaintiff's Request for Admissions No. 2 and Defendant's Reply, *id.* Section VII of the ACSSP provides that checked baggage shall be accepted only from ticketed passengers and only by authorized air carrier representatives and that such baggage shall be protected from access by unauthorized persons. *See* Letter from Raymond Salazar to Plaintiff's Counsel (dated 4–7–88), attached to Plaintiff's Request for Admissions—Set I, *id.*

For purposes of this motion, defendant concedes that it violated the ACSSP by permitting plaintiff to check in luggage. Defendant argues, however, that this violation is of no legal significance because the ACSSP cannot serve as the basis for recognizing a duty to plaintiff. Defendant's argument is based on Restatement (Second) of Torts § 286 (1965), which has been adopted by the Pennsylvania Supreme Court as a guide by which to determine whether a legislative enactment or administrative regulation ought to establish a standard of conduct. *See Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515, 518 (1983).

Among other things, § 286 provides that a legislative enactment or regulation may be adopted as the standard of reasonable care when its purpose is to (1) protect the particular interest invaded, (2) to protect that interest against the kind of harm that has resulted, and (3) to protect that interest against the particular hazard from which the harm resulted. Here, the interest invaded was plaintiff's health; the harm that resulted from the invasion of this interest was a heart attack; and the hazard from which the harm resulted was the act of lifting a suitcase. There is simply no basis in the record for concluding that the purpose of the ACSSP was to protect persons from suffering heart attacks as a result of

lifting heavy luggage. The ACSSP was drafted by several airlines to satisfy their obligation under Federal Aviation Regulations to devise a security program. *See* 14 C.F.R. 108.5 (1990). The regulations specifically state that the purpose of such a program is to provide "for the safety of persons and property traveling in air transportation * * * against acts of criminal violence and air piracy." *See* 14 C.F.R. 108.7; *see also* 46 Fed.Reg. 3782 (promulgating 14 C.F.R. part 108 as a final rule) ("Since their inception in 1972, FAA security regulations have been designed to meet threats of hijacking and other crimes against the specific kinds of aircraft operations that have proven to be most attractive to the potential hijacker or saboteur.").

■ Plaintiff does not dispute that, under the criteria of § 286, the ACSSP is an inappropriate standard by which to determine whether defendant breached a duty of care to plaintiff. Rather, plaintiff contends that § 286 is inapplicable because the ACSSP is not a legislative enactment or an administrative regulation. This argument is not persuasive. Where, as here, a standard of conduct is adopted by industry members in satisfaction of the requirements of an administrative regulation, § 286 provides meaningful guidance in evaluating whether the standard of conduct establishes a duty of care to a particular individual. *See Wood v. Smith,* 343 Pa.Super. 547, 495 A.2d 601, 603 & n. 1 (1985) (evaluating industry standards for erection of scaffolding under the criteria of § 286 and concluding that standards were admissible in a negligence action as evidence of the standard of care to which defendants should be held), *appeal dismissed,* 512 Pa. 641, 518 A.2d 266 (1986). Because the ACSSP does not establish a standard of conduct relevant to this action when measured by § 286, plaintiff's theory that defendant breached a duty of care to plaintiff

by violating the ACSSP is insufficient as a matter of law.

■ Plaintiff's second theory of negligence is based on defendant's violation of its internal rules governing baggage handling and acceptance. These rules provide that "baggage shall be accepted only from ticketed charter-manifested customers by authorized airline representatives." Rule 2(A) of General Baggage Rules, Plaintiff's Appendix I, Exhibit 4. Plaintiff claims that liability may be imposed based on Restatement (Second) of Torts § 323 (1965), which addresses the negligent performance of an undertaking to render services.[1] *See Hamil v. Bashline,* 481 Pa. 256, 392 A.2d 1280, 1286 (1978) (§ 323(a) states Pennsylvania law).

For purposes of this motion, defendant concedes that it violated its internal rules by permitting plaintiff to handle luggage, but maintains that § 323 is inapposite. Thus, defendant contends that, as a matter of law, its violation of internal rules breached no duty to plaintiff.

Section 323 is not applicable to this case. By creating internal rules for baggage handling and check-in, defendant did not undertake to render services to *plaintiff.* Rather, the rules establish a series of administrative procedures for handling baggage and ensuring the safety of defendant's passengers and employees and the protection of its passengers' property. At most, the rules constitute an undertaking by defendant with respect to its employees and passengers. There is simply no evidence of record from which to infer that the scope of any duty created by the rules extended to travel agents such as plaintiff; therefore, § 323 does not provide a basis for plaintiff's negligence claim. *See Glick v. Martin and Mohler, Inc.,* 369 Pa.Super. 428, 535 A.2d 626, 628 (1987) (§ 323 "gives a cause of action only to the party to whom the promise to render services was made"), *appeal denied,* 519 Pa. 665, 548 A.2d 255

---

**1.** Section 323 provides:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical

harm resulting from his failure to exercise reasonable care to perform his undertaking, if
(a) his failure to exercise such care increases the risk of such harm, or
(b) the harm is suffered because of the other's reliance upon the undertaking.

(1988). Accordingly, there is no triable issue of fact as to whether defendant breached a duty to plaintiff by violating its internal rules.

Plaintiff's third theory of negligence is that defendant breached a duty by failing to have sufficient employees at the counter to process the passengers in his group without his assistance. Defendant correctly contends that the premise of plaintiff's duty argument lacks a factual basis.

■ Plaintiff himself testified that his travel group was being handled with sufficient speed to move them to their flight on time, even if he had not helped with the check-in process. Plaintiff's Deposition at 27, Defendant's Motion for Summary Judgment, Exhibit E; *see also id.* at 16–17. Disregarding his own testimony, plaintiff argues that the deposition testimony of Claire Becker, the leader of the tour group that booked its trip through plaintiff's agency, creates a triable issue of fact as to whether defendant adequately staffed its counter on the morning of July 4, 1987. Becker did state that defendant failed to provide adequate staff to handle her tour group, given the age of its members and its size. Deposition of Claire Becker at 40–41, Plaintiff's Appendix I, Exhibit 2. However, Becker never contradicted plaintiff's testimony that the group was handled with sufficient speed to ensure that it would have made the flight even without plaintiff's assistance. Moreover, a close reading of Becker's deposition reveals that the basis for her conclusion that defendant failed to adequately staff its counters was her belief that a large group of elderly travelers should be processed as soon as possible and well in advance of the departure time. *Id.* at 26–27, 42–43. There is no authority of which this court is aware which suggests that an airline has a duty to staff its counters so that its passengers are processed as quickly as possible. Accordingly, there is no triable issue of fact with respect to the question of whether defendant breached a duty of care to plaintiff by failing to adequately staff its counters.

■ Finally, plaintiff contends that defendant breached a duty by failing to warn him of the potential risk of injury associated with the handling of baggage being checked. Plaintiff suggests that defendant, as a common carrier, is required to exercise the highest degree of care and that the issue of whether defendant had a duty to warn plaintiff should be decided by reference to that standard. However, common carriers only owe this standard of care to their passengers, *see Connolly v. Philadelphia Transp. Co.*, 420 Pa. 280, 216 A.2d 60, 62 (1966); *see also* Restatement (Second) of Torts § 314A (1965), and plaintiff was not a passenger. The court is persuaded by defendant's suggestion that its conduct should be evaluated by analogy to the standard of care which a possessor of land or property owner owes business invitees.

A possessor of land has a duty to protect invitees from foreseeable harm. *Carrender v. Fitterer*, 503 Pa. 178, 469 A.2d 120, 123 (1983) (adopting Restatement (Second) of Torts § 341A, 343 & 343A (1965)). However, " '[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness.' " *Id.* (quoting Restatement (Second) of Torts § 343A). A danger is considered obvious when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence and judgment." Restatement (Second) of Torts § 343A, comment b. For a danger to be known, the "probability and gravity of the threatened harm must be appreciated." *Id.* Whether a danger was known or obvious is usually a factual question for the jury; however, where reasonable minds could not differ as to the conclusion, the court may decide the issue as a matter of law. *Carrender*, 469 A.2d at 124.

Defendant maintains there is no triable issue of fact as to whether plaintiff fully understood the risks associated with lifting luggage, citing the fact that plaintiff tipped

the skycaps at the airport so that the members of the elderly tour group that he was sending off would not have to carry their own luggage. *See* Plaintiff's Deposition at 13, Defendant's Motion for Summary Judgment, Exhibit E. Plaintiff responds that the dangers associated with lifting luggage cannot be considered obvious as a matter of law because the United States Department of Health and Human Services has published a guide that addresses potential hazards associated with lifting objects of a known weight and size. *See* Work Practices Guide for Manual Lifting, Plaintiff's Appendix II, Exhibit 8.

Although there appears to be no case law directly on point, the court is of the opinion that any reasonable person in plaintiff's position, *i.e.* a 65-year-old man exercising normal perception, intelligence and judgment, would conclude that repeated lifting of heavy baggage over a period of 15-30 minutes[2] could present serious health risks, including a heart attack. Thus, the dangers associated with lifting luggage were obvious as a matter of law and therefore defendant owed plaintiff no duty to warn him of the dangers associated therewith.

## IV. Conclusion

No triable issue of fact exists with respect to any of plaintiff's four contentions concerning defendant's alleged breach of a duty of care. Accordingly, defendant's motion for summary judgment will be granted.

---

2. At his deposition, plaintiff testified that he had been lifting luggage for 15 to 30 minutes when he suffered the heart attack. Plaintiff's Deposition at 20, Defendant's Motion for Summary Judgment, Exhibit E.