J-A23007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH LOOMIS AND JANAN LOOMIS, INDIVIDUALLY AND AS ADMINISTRATORS OF THE ESTATE OF LEAH LOOMIS, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : | No. 367 MDA 2021 |
| MIA BOMBA, GINA BOMBA, WILLIAM FARBER, JR. | : : : | |

Appeal from the Judgment Entered March 15, 2021
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s): 2018-00930

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

DISSENTING STATEMENT BY STEVENS, P.J.E.: **FILED: DECEMBER 1, 2021**

I respectfully dissent from the Majority's disposition in this matter.  My review of the record simply does not support the Majority's conclusion that Appellants were not prejudiced by the trial court's failure to instruct the jury on the pertinent standards adopted by the Pennsylvania Fish and Boat Commission ("PFBC") in the Pennsylvania Boating Handbook.

Quite the contrary, although the record reflects that the trial court quoted some of the language in the Pennsylvania Boating Handbook in charging the jury in conjunction with Pa. SSJI (Civ.) §§ 13.110, there was no

_____

[*] Former Justice specially assigned to the Superior Court.

specific mention of the standard that **boat operators are responsible for their boat's wake and any damage caused by it.** *See* Notes of Testimony, 10/9/20 at 9-12; *see also* Appellants' brief at 26, Proposed Point of Charge No. 4.

This court has long recognized that "[t]he primary duty of the trial judge in charging the jury is to clarify the legal principles involved so that the jury may comprehend the questions that it must decide." ***Sehl v. Vista Linen Rental Serv. Inc.***, 763 A.2d 858, 863 (Pa.Super. 2000) (citation omitted). "[W]hen the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse, rather than clarify a material issue, that error in a charge will be found to be a sufficient basis for the award of a new trial." ***Salsgiver Communications, Inc. v. Consol. Communications Holdings, Inc.***, 150 A.3d 957, 962 (Pa.Super. 2016) (citations and internal brackets omitted).

As discussed, Appellants rely on this court's decision in ***Wood v. Smith***, 495 A.2d 601 (Pa.Super. 1985), ***appeal dismissed as improvidently granted***, 518 A.2d 266 (Pa. 1986). ***Wood*** involved an action for trespass and wrongful death against a contractor who had erected scaffolding outside the decedent's home that ultimately led to his death. ***Id.*** at 602. The ***Wood*** court found that the issue of defendants' negligent construction of the scaffolding was central to this case, and the trial court should have instructed the jury regarding the legal significance of government and industry standards

applicable to the scaffolding's construction, including OSHA[1] and ANSI,[2] which were presented as evidence at trial. *Id.* at 603. In reaching this conclusion, the **Wood** court reasoned that "[w]ithout further explanation, the jury may very reasonably have assumed that since the defendants were not required by law to adhere to the OSHA or ANSI standard, their failure to do so was irrelevant." *Id.* at 603-604.

Instantly, the issue of Appellee Mia Bomba's negligent operation of the motorboat and her failure to adhere to the standards adopted by the PFBC in the Pennsylvania Boating Handbook was central to this case.

At trial, both parties' experts acknowledged that the responsibilities of a person operating a watercraft in this Commonwealth are set forth in the Pennsylvania Boating Handbook. Specifically, Appellants' expert, Captain Kyle McAvoy, testified that the Pennsylvania Boating Handbook requires that boat operators must be aware of and are responsible for their wake speed. Notes of Testimony, 10/6/20 at 23. Likewise, Appellees' own expert, Captain Stephen Richter, acknowledged that Bomba's responsibilities as a licensed boat operator were "outlined in the Pennsylvania Safe Boating Handbook" and included, *inter alia*, being responsible for the boat's wake and any damage caused by it. Notes of Testimony, 10/8/20 at 30, 45.

---

[1] Occupational Health and Safety Act.

[2] American National Standards Institute.

Based on the foregoing, Appellants have demonstrated that the jury instruction in this case was inadequate as to the standard of care Appellee Bomba owed to decedent.  Appellants clearly suffered prejudice on account of the trial court's failure to charge the jury that boat operators are responsible for the boat's wake and any damage caused by it.

Just as in **Wood**, such failure of the trial court to properly instruct the jury in this matter may have very well led the jury to incorrectly conclude that Appellee Bomba was not required by law to adhere to the industry standards memorialized in the Pennsylvania Boating Handbook.  **See Wood**, 495 A.2d at 603-604.

Accordingly, I would find that the trial court abused its discretion in instructing the jury, would reverse the judgment entered in favor of Appellees, and remand for a new trial.  Therefore, I respectfully dissent.