**James C. HENRICH, Appellant,**

v.

**CUTLER HAMMER COMPANY and McKay Machine Company.**

**No. 71-1511.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) April 13, 1972.

Decided May 25, 1972.

Paul A. Simmons, Hormell, Tempest, Simmons, Bigi & Melenyzer, Monongahela, Pa., for appellant.

Charles Kirshner, Rosenberg, Kirshner & Solomon, Pittsburgh, Pa., for appellee Cutler-Hammer Co.

David B. Fawcett, Jr., Dickie, McCamey & Chilcote, Pittsburgh, Pa., for appellee McKay Machine Co.

Before McLAUGHLIN, VAN DUSEN and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

The plaintiff in this diversity action appeals from a jury verdict in favor of the defendants.[1] Plaintiff claimed dam-

---

1. Plaintiff moved for a new trial against defendant McKay Machine Company only and, on this appeal, challenges the denial of that motion. No appeal of the judgment in favor of defendant Cutler Hammer Company has been taken.

ages on a theory of strict liability [2] for injuries to the fingers of his left hand when a slitter machine, manufactured by defendant McKay Company, unexpectedly activated while he was attempting to adjust it. The slitter machine in question was equipped with two separate power disconnect switches, one located on the machine and one in the area proximate to the machine. Plaintiff had been notified by the McKay Company and by his employer that no adjustments should be made on the machine unless the power disconnect switch was thrown.[3] Prior to the accident the slitter machine's electrical control system had not been functioning properly and a representative of the McKay Company had been servicing it.[4] Evidence was introduced that at the time of the accident two co-workers were in the area of the second power disconnect switch.

▪▪▪ Plaintiff argues that the court erred in its charge to the jury on the issue of assumption of risk. The Pennsylvania law, which is applicable in this diversity action, places upon one who voluntarily and unreasonably proceeds to encounter a known danger the risk of that danger and precludes him from recovering against a party under a theory of strict liability.[5] Plaintiff contends that his failure to disengage the power could not have been the basis for a finding of such assumption of risk and that it was error to submit the question of assumption of risk to the jury absent other proof of a known danger.[6] He argues that by failing to disengage the power, the only known danger that he could have assumed was that the machine might be activated by some human intervention and that he could not have assumed the risk that the machine would activate due to a defect of which he was not aware. The court's charge made clear that the burden of proof was on defendants to show that "plaintiff knew of the danger, was aware of the risk, [and] was aware of the specific danger involved" and that plaintiff was not bound to discover a defect nor was he required to guard against the possibility of its existence. After carefully examining the jury charge, we find no reversible error, since the charge, read as a whole, properly instructed the jury on the appropriate criteria to be applied in making a finding of assumption of risk. We also disagree with plaintiff's contention that it was error to submit the question of assumption of risk to the jury. It was within the jury's province to find that plaintiff's knowledge of defects in the electrical control system, combined

2. See § 402A of the Restatement (Second) of Torts; Webb v. Zern, 422 Pa. 424, 220 A.2d 853 (1966).

3. The evidence permitted a finding that plaintiff knew of the need for cutting off the power before the machine was adjusted.

4. A strike at the plant where plaintiff was employed had started when the machine was being serviced by a representative of McKay and lasted for a 31-day period prior to the accident. The machine had been dormant for this entire period and the accident occurred on the first day that the machine was reactivated. No representative of the McKay Company was present on that day.

5. Elder v. Crawley Book Machinery Co., 441 F.2d 771, 772 (3d Cir. 1971); Ferraro v. Ford Motor Co., 423 Pa. 324, 223 A.2d 746, 748 (1966). See comment n to Section 402A, Restatement (Second) of Torts.

6. Plaintiff also objects to the dential of the following request for instruction:

"Ladies and gentlemen of the jury, if you find that this slitter machine was activated because of some defect in its mechanism, even if the nature of the defect is unknown; and if you further find that the slitter machine was not activated by any human being at the time of said accident; and if you find that as a consequence of the activation of said machine, the Plaintiff, James Henrich's left hand was crushed; then the fact that the Plaintiff failed to turn the disconnect switch to an off position is totally immaterial, has no bearing on the case and will not prevent the Plaintiff, Mr. Henrich, from recovering damages in this case for the reason that the plaintiff had no duty to discover the defect in the machine and he had no duty to guard against the possibility of the existence of a defect in said machine."

with his disregard of the instructions to disengage the power, amounted to a voluntary assumption of a known danger.

■ Also, we find no error in the instructions to the jury that defendant's liability could be precluded by a showing that the activities of a human agency in activating the machine caused the accident,[7] and that the defect which caused the injury may have been in that portion of the wiring not installed by defendants.

For these reasons, the judgment of the district court will be affirmed.

7. It was established at trial that one of the two sets of controls was out of the view of plaintiff at the time the accident occurred and that two co-workers were in the area of this second set of controls at the time the accident occurred (146a). There was also evidence introduced that plaintiff's activities at the time of the accident were such that co-workers might have thought it was appropriate to "jog" a roll in the machine by activating it.