**DECORATIVE PRECAST STONE
ERECTORS, INC., Plaintiff,**

v.

**BUCYRUS–ERIE COMPANY, Defendant.**

**Civ. A. No. 78–2 ERIE.**

United States District Court,
W. D. Pennsylvania.

Aug. 16, 1980.

James T. Marnen, Erie, Pa., for plaintiff.

Will J. Schaaf, Erie, Pa., for defendant.

## OPINION

WEBER, Chief Judge.

This is a diversity action brought to recover property damages incurred by the plaintiff when a crane it owned which had been manufactured by the defendant, Bucyrus-Erie, collapsed while attempting to lift a stone slab at a construction site in Erie, Pennsylvania.[1] At trial the plaintiff proceeded under the theory that Bucyrus-Erie was strictly liable for this loss under § 402A of the Restatement (Second) of Torts. During its deliberations the jury returned to the Court with two questions.

In its first query the jury stated that it had found both that the boom of the crane was poorly laminated and that the crane operator had violated the capacity ratings for the crane. Given these facts the jury requested further instructions. In its second query the jury asked if there was any burden of proof on the defendant and what the nature of that burden was.

Following the conference with counsel, the Court gave the jury a supplemental charge. In this charge the Court initially instructed the jury that the plaintiff had the burden of proving (1) a defect in the product and (2) that the defect caused injury during normal use. The Court then went on to charge the jury that the defendant bore the burden of proof of any affirmative defenses asserting that misuse of the

crane caused its collapse. Shortly after receiving these supplementary instructions the jury returned with a verdict for the plaintiff.

Defendant now moves in the alternative for either a new trial or a judgment n.o.v. In support of these motions defendant presents the following arguments:

(1) The Court erred in instructing the jury that the defendant bore the burden of proof on the defense of abnormal use; (2) the Court erred in instructing the jury that if it found two proximate causes, misuse and defect, that its verdict should be for plaintiff; and (3) the Court erred in refusing to instruct the jury on assumption of risk.

After review of the briefs of both parties, and of the instructions given to the jury in this case, the Court concludes that there was no error in its charge. Accordingly, we deny defendant's motions for new trial and judgment n.o.v.

In considering defendant's first two allegations of error, it is necessary to distinguish at the outset between the elements of the plaintiff's prima facie case under § 402A of the Restatement (Second) of Torts and the defendant's burden of proof on any affirmative defenses of misuse or superseding causation. In the instant case this task is complicated by the fact that, under § 402A, the use to which a product is put is relevant both to plaintiff's initial case and to any affirmative defense of product misuse raised by the defendant.

Under Pennsylvania law, a plaintiff, in order to establish a case for liability under § 402A of the Restatement (Second) of Torts, must "prove that there was a defect in the product and that the defect caused (the) injury . . . ." *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893, 900 (1975). *See also, Vizzini v. Ford Motor Co.*, 569 F.2d 754 (3d Cir. 1977). A "defect" in turn exists when "the product (leaves) the supplier's control lacking any

---

1. Because this action is founded in diversity this Court in its decision is bound to follow the law of Pennsylvania. *See Erie Railroad Co. v.* *Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

element necessary to make it safe for its intended use or possessing any feature that renders it unsafe for the intended use." *Azzarello v. Black Bros. Co., Inc.,* 480 Pa. 547, 391 A.2d 1020, 1027 (1978). Clearly, then the use to which a product is put will be relevant to establishing a "defect" and for this reason is part of the plaintiff's prima facie case under § 402A.

In the instant case the Court is satisfied that its instructions to the jury adequately described these elements of the plaintiff's prima facie case and that these instructions clearly allocated to the plaintiff the burden of proving all of these elements. Moreover, the Court concludes that the evidence presented at trial was sufficient to justify a jury's conclusion that the plaintiff had met its burden of proof on these elements.

■ At trial plaintiff presented as an expert witness Dr. Gerald T. Horne, a metallurgical engineer with some 30 years of experience. In his testimony Dr. Horne indicated that a section of the crane's boom contained severe laminations. These laminations, which resulted from the original casting of the steel, had significantly reduced the strength of that boom. In fact, it was this laminated section of the boom which had originally broken, causing the collapse of the entire crane. Moreover, Dr. Horne testified that, in his opinion, this defective lamination in the crane's boom was the sole cause of that boom's collapse. We believe this evidence, in and of itself, is sufficient to establish plaintiff's prima facie case.

Admittedly evidence was also introduced at trial which indicated that the crane was lifting a load in excess of the maximum listed on its capacity plate at the time of the accident and that this factor may have contributed to the crane's collapse. However, from the testimony presented at trial regarding rated capacity of the crane, we conclude that the jury could reasonably have found that, at the time of the accident, the capacity rating did not address the danger of boom failure at all. Rather, given the weight of the stone being lifted and the radius of the boom, the rating only warned of the danger of the crane tipping.

■ Specifically, the evidence introduced at trial indicated that the instruction panel on the crane gave two distinct capacity warnings. The first of these warnings calculated the risk of the crane tipping over while attempting to lift an object. The second warning described the limits beyond which crane collapse became a risk. In the instant case the weight being lifted at the time of the accident fell within the range covered by this first warning but was far short of that necessary to trigger the second warning. Therefore, given Dr. Horne's conclusions regarding the defective construction of the boom and that boom's causal relationship to the accident, we find this equivocal evidence insufficient to justify displacing the jury's verdict.

■ Assuming therefore that the plaintiff had established a prima facie case under § 402A, the defendant's evidence of product misuse then goes to the question of causation. In Pennsylvania under § 402A misuse of a product can act as a superseding cause, absolving the manufacturer from liability. *Baker v. Outboard Marine Corp.,* 595 F.2d 176 (3d Cir. 1979); *Kuisis v. Baldwin-Lima-Hamilton Corp.,* 457 Pa. 321, 319 A.2d 914 (1978). However, the burden of proving this superseding cause rests with the defendant. *See, e.g., Baker v. Outboard Marine Corp., supra* at 183–84; *Menarde v. Philadelphia Transportation Co.,* 376 Pa. 497, 103 A.2d 681 (1954).

■ In the instant case the Court instructed the jury that, if both a defect and misuse were found to be proximate causes, they must find for the plaintiff. The Court notes, however, that its instruction to the jury also stated that misuse of the crane by the plaintiff could serve as a superseding cause, exonerating the defendant, but that the defendant bore the burden of proving that misuse was a superseding cause. Therefore, we find no error in this charge. Moreover, given these instructions, the jury found for the plaintiff, thereby impliedly rejecting misuse as a superseding cause of the accident. In retrospect, considering the

**558**

causation evidence introduced at trial, this Court is not prepared to supplant that conclusion. Therefore, we must deny defendant's motions insofar as those motions rest on alleged errors in allocating the burden of proof on the issue of abnormal use.

Finally, we conclude that the defendant is not entitled to a new trial or judgment n.o.v. on the grounds that the Court erred in failing to charge on assumption of risk.

■ Typically, assumption of risk involves the voluntary and unreasonable encountering of a known danger. *Berkebile v. Brantly Helicopter Corp., supra; Ferraro v. Ford Motor Co.*, 423 Pa. 324, 223 A.2d 746 (1966). Moreover, it is a defense which requires a subjective appreciation on the plaintiff's part of both the character and the nature of the risk encountered. *See, Dorsey v. Yoder Co.*, 331 F.Supp. 753, 765, *aff'd* 474 F.2d 1339 (E.D.Pa.1971). *See also,* §§ 496C, 496D and 496E of the Restatement (Second) of Torts.

■ In the instant case the testimony of the plaintiff's employees did not demonstrate sufficient subjective appreciation of the risks involved to justify submission of this question to the jury. At most the testimony of plaintiff's employees demonstrates that they were aware that the load being lifted was beyond the rated capacity of the crane and that violating the capacity rating created a risk of the crane tipping. The testimony did not, however, reveal any subjective appreciation by the plaintiff's employees of the precise nature of the risks involved due to the structure of the boom itself. Given these facts, a jury instruction on assumption of risk would have been inappropriate.

The defendant's motions will be denied.