489 A.2d 222

**Sonia GOTTFRIED and Leonard Gottfried, H/W, Appellants,**

**v.**

**AMERICAN CAN COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued March 28, 1984.

Filed March 1, 1985.

404

Jeffrey S. Kahn, Norristown, for appellants.

Ronald H. Sherr, Norristown, for appellee.

Before BROSKY, WIEAND and McEWEN, JJ.

WIEAND, Judge:

Sonia Gottfried cut her hand while opening a can of sunflower nuts. In an action against American Can Company,[1] the manufacturer of the can, she contended that the can had been defectively manufactured and/or designed.[2] A jury found that Mrs. Gottfried's injury had not been caused by a defect in the can but because of her own act of misuse in permitting her hand to come into contact with the sharp edges of the partially opened can. On appeal from the judgment entered on the verdict, Mr. & Mrs. Gottfried, the appellants, contend (1) that the verdict was against the weight of the evidence; (2) that the trial court erred in refusing to allow into evidence a can manufactured four years after the injury for the purpose of showing improvements made in the can by the defendant-manufacturer; (3) that the trial court erred in finding American Can Company's expert witness qualified to give opinion testimony; and (4) that the trial court failed to give the jury adequate and correct instructions. We have examined these issues carefully but find therein no basis for overturning the verdict of the jury. The judgment, therefore, will be affirmed.

The can of nuts had been purchased on November 11, 1977. The can was equipped with a self-opening lid; a tab, when pulled, caused the lid to separate from the remainder of the can. Mrs. Gottfried, who knew that opening the can

1. The complaint filed by Sonia Gottfried and Leonard, her husband, named as defendants, in addition to American Can Company, the Rite-Aid Corporation, which sold the can of nuts, and Standard Brands, Inc., the parent company of Planters, who used the can to package its product. Rite-Aid Corporation and Standard Brands, Inc. were dropped as party defendants by stipulation prior to trial, and the action proceeded against American Can alone.

2. The complaint also contained an averment of breach of warranty. At trial, the plaintiffs relied solely on theories of strict liability for an allegedly defective product.

would expose sharp edges of metal, allowed her hand to come into contact with a sharp metal edge of the partially opened can. She wasn't certain whether the contact had been with the lid or the exposed side of the can because she hadn't been looking when she cut her hand. The laceration was one and one-half centimeters in length and occurred between the thumb and forefinger of her left hand. Lester Moskowitz, a professor of engineering at Spring Garden College who was called as an expert witness by plaintiffs, testified that the can was defective because inadequate provision had been made for stress and because the can lacked safety features used by other manufacturers to prevent injury by sharp edges. Similar cans designed by other manufacturers were produced and received into evidence for examination by the jurors.

American Can conceded that the can opened by Mrs. Gottfried had not opened precisely as designed. It contended and the jury found, however, that the failure of the can to open as intended had not been the cause of the injury. The laceration had been caused by Mrs. Gottfried's failure to pay attention to what she was doing and in placing her hand along one of the sharp edges of the partially opened can. Douglass Miller, an employee of American Can who had had experience in the design and manufacture of cans, refuted the testimony of plaintiffs' engineer. He said that all cans opened by separating metal from metal produced sharp edges. He selected one of the cans produced by plaintiffs' expert and sliced a banana with a metallic edge of the opened can in order to demonstrate that it, too, had sharp edges. He testified that the can on which Mrs. Gottfried had cut her hand was not defective and had met all manufacturer's standards. He explained that the safety features recommended by Moskowitz would not have prevented the injury under the circumstances surrounding Mrs. Gottfried's use of the can in this case. Her injury had been caused, he said, by her own misuse of the product in allowing her hand to rub against or come into contact with the sharp edges of metal present on an opened can. Be-

cause it was a well known fact that metal cans, when opened, had sharp edges, he said, the average consumer, being aware thereof, could be expected to realize the danger of allowing his or her hands to come into contact with the sharp edges of an opened can.

■ A new trial will be granted on grounds that the verdict is against the weight of the evidence " 'only where the verdict is so contrary to the evidence as to shock one's sense of justice.... [The plaintiff] is not entitled to a new trial where the evidence is conflicting and the jury could have decided either way.' " *Suskey v. Loyal Order of Moose Lodge No. 86,* 325 Pa.Super. 94, 102, 472 A.2d 663, 667 (1984), quoting *Jacob Kline Cooperage, Inc. v. George W. Kistler, Inc.,* 286 Pa.Super. 84, 87–88, 428 A.2d 583, 585 (1981) (citations omitted). See: *Burrell v. Philadelphia Electric Co.,* 438 Pa. 286, 289, 265 A.2d 516, 518 (1970); *Cianci v. Burwell,* 299 Pa.Super. 387, 390, 445 A.2d 809, 810 (1982).

■ In this case, plaintiffs were required to prove by a preponderance of the evidence not only that the can was defective but also that the defect was a substantial factor in causing the harm. *Sherk v. Daisy-Heddon,* 498 Pa. 594, 598, 450 A.2d 615, 617 (1982); *Evans v. Thomas,* 304 Pa.Super. 338, 344, 450 A.2d 710, 712 (1982); *Lenkiewicz v. Lange,* 242 Pa.Super. 87, 91, 363 A.2d 1172, 1175 (1976). See: *Swartz v. General Electric Co.,* 327 Pa.Super. 58, 69–70, 474 A.2d 1172, 1176 (1984). The evidence was such that a jury could have found that even though the can did not open as fully and precisely as intended, the failure in this respect was not the cause of Mrs. Gottfried's. laceration. Rather, a jury could have found, Mrs. Gottfried cut her hand on an exposed, sharp edge of the can after the can had been partially opened solely because she did not look where she placed her hand. The fact pattern found by the jury was akin to that envisioned by a panel of this Court in *Burch v. Sears, Roebuck & Co.,* 320 Pa.Super. 444, 467 A.2d 615 (1983), when it said:

The ... issue of causation is raised when the plaintiff's action is so reckless that the plaintiff would have been injured despite the curing of any alleged defect, or is so extraordinary and unforeseeable as to constitute a superseding cause.

*Id.*, 320 Pa.Superior Ct. at 452, 467 A.2d at 619 (citations omitted). See, e.g.: *Henrich v. Cutler Hammer Co.*, 460 F.2d 1325 (3d Cir.1972) (Pennsylvania law); *Davis v. R.H. Dwyer Industries, Inc.*, 548 F.Supp. 667 (E.D.Pa.1982) (Pennsylvania law); *Vargus v. Pitman Mfg. Co.*, 510 F.Supp. 116 (E.D.Pa.), *aff'd mem., sub nom. Pitman Mfg. Co. v. Henkels & McCoy, Inc.*, 673 F.2d 1301 & 673 F.2d 1304 (3 Cir.1981) (Pennsylvania law); *Bartkewich v. Billinger*, 432 Pa. 351, 247 A.2d 603 (1968).

We agree with the trial court that the jury's verdict in the instant case was not so contrary to the evidence as to shock the conscience and require that a new trial be granted. The jury's acceptance of the manufacturer's argument that the alleged defect in the can was not the cause of Mrs. Gottfried's injuries was based upon competent evidence and will not be disturbed.

In order to show that the "state of the art" was such that safety features were available to reduce the danger of sharp edges, plaintiffs' expert produced cans placed on the market by other manufacturers in 1977. These cans were received into evidence and described to the jury by the witness. However, the trial court refused to allow into evidence a can manufactured by American Can Company in 1981 to show that some of the same features had by then been incorporated into cans made by appellee. Appellants contend that this was error.

■ The traditional rule in negligence cases has been that post-injury repairs or improvements are inadmissible to show a lack of due care at the time of injury. See: *Incollingo v. Ewing*, 444 Pa. 263, 294, 282 A.2d 206, 222–223 (1971); *Pressler v. Pittsburgh*, 419 Pa. 440, 443–444, 214 A.2d 616, 618 (1965); *O'Malley v. Peerless Petroleum, Inc.*, 283 Pa.Super. 272, 289, 423 A.2d 1251, 1260 (1980). In

*Matsko v. Harley Davidson Motor Co.*, 325 Pa.Super. 452, 473 A.2d 155 (1984), Cavanaugh, J., dissenting, a panel of this Court held that the usual policy reasons for excluding post-injury alterations did not have application to actions based on strict liability for a defective product. The panel there held that it was not error to admit into evidence a post accident recall notice for the motorcycle involved in the accident. The panel majority concluded that the evidence was not barred by policy considerations and that under the facts of that case the recall notice was relevant. The decision did not alter the general rule that post accident conduct must nevertheless be shown to be relevant in order to be admissible.

 In cases in which it has been alleged that a product was defectively designed, the jury is required to determine whether the product lacked any safeguard necessary to make it safe for normal use. *Azzarello v. Black Bros. Co.*, 480 Pa. 547, 391 A.2d 1020 (1978). But see: *McKay v. Sandmold Systems, Inc.*, 333 Pa.Super. 235, 482 A.2d 260 (1984). In such cases it is relevant to show the "state of the art." See: *Brogley v. Chambersburg Engineering Co.*, 306 Pa.Super. 316, 322, 452 A.2d 743, 746–747 (1982); W. Kimble & R. Lesher, *Products Liability* § 228 (1979). However, it is only the state of the art at the time of design and/or manufacture that is relevant. See: *Brogley v. Chambersburg Engineering Co.*, *supra*, 306 Pa.Superior Ct. at 322, 452 A.2d at 746–747; W. Keeton & W. Prosser, *The Law of Torts* § 99, at 701 & n. 38 (5th ed. 1984). Design improvements made four years after an injury has occurred are not relevant to show the state of the art at the time that the injury occurred. Therefore, the trial court did not err in sustaining an objection to the admission of a can manufactured by appellee in 1981 for the purpose of showing that the can manufactured in 1977 had been defectively designed.

 Whether a witness has been properly qualified to give expert opinion testimony is vested in the discretion of the trial court. *Abbott v. Steel City Piping Co.*, 437 Pa.

412, 421, 263 A.2d 881, 885 (1970); *Tyus v. Resta,* 328 Pa.Super. 11, 26, 476 A.2d 427, 435 (1984); *Morris v. Moss,* 290 Pa.Super. 587, 591, 435 A.2d 184, 186 (1981). "The Pennsylvania standard of qualification for an expert witness is a liberal one. 'If a witness has any reasonable pretension to specialized knowledge on the subject under investigation he may testify, and the weight to be given to his evidence is for the jury.' *Kuisis v. Baldwin-Lima-Hamilton Corp.,* 457 Pa. 321, 338, 319 A.2d 914, 924 (1974)." *Rutter v. Northeastern Beaver County School District,* 496 Pa. 590, 597–598, 437 A.2d 1198, 1201 (1981) (plurality opinion). See: *Pratt v. Stein,* 298 Pa.Super. 92, 152–153, 444 A.2d 674, 706 (1982). But see: *Burch v. Sears, Roebuck & Co., supra* 320 Pa.Super. at 471 n. 4, 467 A.2d at 629 n. 4 (Dissenting Opinion by Wieand, J.); *Ragan v. Steen,* 229 Pa.Super. 515, 528, 331 A.2d 724, 736 (1974) (Concurring Opinion by Spaeth, J.). Although the witness must demonstrate some special knowledge or skill, there is no requirement that a witness acquire expertise as a result of formal schooling; expertise acquired by experience is expertise nonetheless. See, e.g.: *Rutter v. Northeastern Beaver County School District, supra; Abbott v. Steel City Piping Co., supra; Reardon v. Meehan,* 424 Pa. 460, 227 A.2d 667 (1967); *Churbuck v. Union Railroad Co.,* 380 Pa. 181, 110 A.2d 210 (1955); *Hughes v. Emerald Mines Corp.,* 303 Pa.Super. 426, 450 A.2d 1 (1982).

■ An examination of the record in this case discloses no abuse of discretion on the part of the trial court which permitted Douglass Miller to testify as an expert witness for the defense. He was employed as American Can's technical service coordinator and was knowledgeable concerning the design objectives and manufacturing process adopted by the manufacturer. In this capacity he had assisted in the design and modification of containers manufactured by American Can. Although his undergraduate degree had been in chemistry and not engineering, his qualifying expertise had been acquired over an eleven year period as an American Can employee. His employment

required that he lecture regularly on can design to industry representatives, and he had participated regularly in providing supervision so that American Can engineers would design containers with due regard for preservation of the contents, as well as for safety and ease in opening. His knowledge and experience were such that he could properly testify as an expert on the design and use of cans.

■ Appellants argue, also, that the trial court committed error when it refused to instruct the jury, as requested, that the cause of the injury was the failure of the can to open as intended and that there was no evidence of any "secondary cause." We disagree. The cause of the laceration was in dispute; and the trial court correctly instructed the jury on this issue. Appellants' requested instruction would in effect have nullified these instructions and directed the jury to find in favor of the plaintiffs. The court did not err by refusing to charge as requested.

■ Appellants also contend that it was error to instruct the jury that there was an issue of fault which required determination. Specifically, the court told the jury it was American Can's contention "that Mrs. Gottfried invited or courted disaster when she didn't even look at the can when she opened it, that if the can had been opened properly there would have been no harm come to her, and that, therefore, it was her fault, not the fault of the can company in the sense that the product was not defective." This was merely a summary of American Can's defense. When we read the charge as a whole, as we are required to do, it becomes eminently clear that the court did not introduce negligence concepts into the jury's deliberations. Contrary to appellants' contention, fault, in the sense of misuse of a product, has not been removed from products liability cases by the adoption of strict liability concepts under the Restatement (Second) of Torts § 402A. See: *Bartkewich v. Billinger, supra; Ferraro v. Ford Motor Co.*, 423 Pa. 324, 223 A.2d 746 (1966). Accord: *Davis v. R.H. Dwyer Industries, Inc., supra; Decorative Precast Stone Erectors, Inc. v. Bucyrus-Erie Co.*, 493 F.Supp. 555 (W.D.Pa.1980), *aff'd*

*mem., sub nom. Bucyrus-Erie Co. v. Jones & Laughlin Steel Corp.*, 642 F.2d 440 & 642 F.2d 441 (3 Cir.1981). See generally: Anno., Products Liability: Contributory Negligence or Assumption of Risk as Defense under Doctrine of Strict Liability in Tort, 46 A.L.R.3d 240, §§ 5, 9a, 9b (1972).

 The issues in this case were well tried and were submitted to the jury on proper instructions pertaining to the law of strict liability. Whether the laceration of Mrs. Gottfried's hand was caused by a defective container or by her own mishandling of the can during and after the partial opening thereof were issues for the jury. Its finding that she mishandled the container will not be disturbed on appeal.

Judgment affirmed.