SANTIAGO, Luis Matos and Santiago, Josephine h/w, Appellants,

v.

JOHNSON MACHINE AND PRESS CORP. and South Bend Lathe, Inc. and Amsted Industries Incorporated.

No. 87-1230.

United States Court of Appeals, Third Circuit.

Argued Nov. 18, 1987.

Decided Dec. 4, 1987.

Rehearing and Rehearing En Banc Denied Dec. 30, 1987.

George J. Badey, III (argued), Stephen A. Sheller & Associates, Philadelphia, Pa., for appellants.

Wayne A. Graver (argued), George J. Lavin, Jr. Associates, Philadelphia, Pa., for appellees.

Before HIGGINBOTHAM, HUTCHINSON and SCIRICA, Circuit Judges.

OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

This is an appeal from the final decision of the district court in a diversity case predicated upon strict liability under the Restatement (Second) of Torts § 402A (1965). The appellants, Luis and Josephine Santiago ("the Santiagos"), contend that the district court improperly construed Pennsylvania law by instructing the jury that it could consider evidence of the "state of the art" in existence when the product in question, a die press machine, was manufactured. At the time the district court charged the jury, there was no definitive statement by the Pennsylvania Supreme Court on this issue, and there were conflicting opinions by different panels of the Pennsylvania Superior Court regarding the propriety of giving such a charge. *Compare Carrecter v. Colsen Equip. Co.*, 346 Pa.Super. 95, 499 A.2d 326 (1985) *with Gottfried v. American Can Co.*, 339 Pa. Super. 403, 489 A.2d 222 (1985).[1] The district court was thus left with the unenviable task of anticipating how Pennsylvania's highest court would rule. On occasions such as these, trial judges are asked to be omniscient in a way that is not possible for mortals.

Fortunately for this Court, we need not be such sage prognosticators. Subsequent to the submission of briefs in this case, the Pennsylvania Supreme Court spoke definitively on the issue raised by this appeal,

---

1. *Carrecter* held that "the trial court may not invite the jury to consider the reasonableness of the defendant's conduct by instructing on the 'state of the art' defense." 346 Pa.Super at 98, 499 A.2d at 328. That court noted that the "difficulty" with such a charge is that it "injects negligence principles into ... products liability actions [in which] negligence is not an element of the plaintiff's case, nor ... the defendant's lack of negligence a defense." *Id.* at 101, 499 A.2d at 329. In contrast, in the *Gottfried* case, Judge Wieand had written that

[i]n cases in which it has been alleged that a product was defectively designed, the jury is required to determine whether the product lacked any safeguard necessary to make it safe for normal use.... In such cases it is relevant to show the "state of the art."... However, it is only the state of the art at the time of design and/or manufacture that is relevant.

339 Pa.Super. at 410, 489 A.2d at 226 (citations omitted).

and resolved it in favor of the Santiagos. *See Lewis v. Coffing Hoist Div., Duff–Norton Co., Inc.*, 515 Pa. 334, 528 A.2d 590 (1987). Although the *Lewis* decision was unavailable to the district court when it reached its decision, we have the opportunity and the obligation to apply it to the disposition of this appeal. In our review we must evaluate *de novo* the issues that were before the district court, and apply the decision of the Pennsylvania Supreme Court as the district court properly would have if that law had been declared at the time of the trial. Accordingly, in light of *Lewis*, we will vacate the decision of the district court, and remand this matter for retrial consistent with this opinion.

At the conclusion of the trial in this case, the district court instructed the jury that,

[i]n determining whether or not a defect existed, you may consider the *state of the art*. The state of the art refers to the *technology and research data* which are relevant to the product. You may only consider the state of the art which existed at the time of the design and the manufacture of the product.

Joint Appendix at 779 (emphases added). The Santiagos objected, and argue on appeal that the references to "state of the art" were in error because of the significant potential that they would mislead the jury to consider the care taken by the appellee and the reasonableness of its actions in the manufacture of the press, and to reach its conclusion based upon an estimate of the appellee's fault—a consideration that is improper in strict liability actions.

In *Lewis*, the trial court concluded that evidence regarding a defendant's compliance with the standards, practices and customs of its industry, injected concepts of negligence and fault into the case, and that "[such] concepts have no role in a case based entirely on strict liability under Section 402A...." 528 A.2d at 591. The Pennsylvania Supreme Court affirmed the trial judge's ruling as follows:

Having reached the conclusion that evidence of industry standards relating to the design of the control pendant involved in this case, and evidence of its

widespread use in the industry, go to the reasonableness of the appellant's conduct in making its design choice, we further conclude that such evidence would have improperly brought into the case concepts of negligence law. We also conclude that such evidence would have created a strong likelihood of diverting the jury's attention from the appellant's control box to the reasonableness of the appellant's conduct in choosing its design. For those reasons we conclude that the trial court correctly ruled the evidence to be irrelevant and hence inadmissible. It is well established that a trial court should exclude evidence which has a tendency to distract the jury from its main inquiry or confuse the issue.

*Id.* at 594 (citations omitted).

Although in the case before us, the district court used the words "the state of the art," and in *Lewis* the Pennsylvania Supreme Court referred to evidence regarding "industry standards" and the "widespread use in the industry," we do not believe that this difference in semantics constitutes a basis for a different result. We cannot find that by its decision in *Lewis*, the Pennsylvania Supreme Court intended to preclude the admission of evidence on industry standards and widespread use, but to allow, as the district court did here, the jury to consider evidence on the so-called "state of the art." These are distinctions without legal consequence to the § 402A issue before this Court. We find, therefore, that the rationale of *Lewis* is equally applicable to this case.

We are not unaware of the thoughtful dissent in *Lewis*, which "speak[s] out against the madness," whereby judges and lawyers believe that they "are more capable of designing products than engineers," and admonishes that "[a] courtroom is a poor substitute for a design office." 528 A.2d at 596 (Hutchinson, J. dissenting). The Pennsylvania Supreme Court had the benefit of this vigorous dissent, however, and rejected it, and we are bound by the rules of our jurisprudence to apply the majority view. Thus, we hold that the charge given by the district court is incon-

sistent with the decision announced by the Pennsylvania Supreme Court in *Lewis.* Accordingly, the judgment of the district court will be vacated, and this matter will be remanded for a new trial.[2]

---

**2.** The Santiagos' arguments on each of the other issues raised on this appeal are rejected. The sanctions granted by the district court are approved and will be applicable in a new trial.