Philip KRAMER and Kathleen
Kramer, Plaintiffs,

v.

RAYMOND CORPORATION, Defendant.

Civ. No. 90–5026.

United States District Court,
E.D. Pennsylvania.

Oct. 26, 1993.

therefore, are no longer part of defendants' motion for summary judgment.

Kathy M. Manderino, John A. Rothschild, Wendy Fleishman, Maureen A. Mahoney, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for plaintiffs.

William J. Ricci, Thomas M. Hinchey, Lavin, Coleman, Finarelli & Gray, Thomas J. Bradley, Philadelphia, PA, for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

On September 2, 1993, I ruled, *inter alia*, that the defendant Raymond Corporation was precluded from introducing evidence or otherwise suggesting that Philip Kramer's conduct was the cause of the forklift accident that resulted in his injuries. I ordered the parties to submit supplemental briefing on the issue of whether the defendant may introduce evidence that Kramer's conduct in placing his foot outside the forklift's operator compartment was the cause of his injuries. The defendant has submitted a supplemental brief in which it argues that (1) it is entitled to introduce evidence that Kramer's conduct—specifically, placing his foot outside the operator's compartment and failing to look in the direction of travel—was the proximate cause of his injuries; (2) Kramer's conduct is admissible as evidence of assumption of risk; (3) Kramer's conduct is admissible as evidence of misuse; and (4) Kramer's conduct is admissible as evidence of highly reckless behavior. The plaintiff has filed a reply. For the reasons given below, I find none of the defendant's arguments compelling.

## I. Kramer's conduct as evidence of proximate causation

In *Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966), the Pennsylvania Supreme Court adopted section 402A of the Restatement (Second) of Torts as the law of Pennsylvania in products liability actions. That section imposes liability upon the seller of a defective product that causes injury to the user or consumers. Since that decision, the Pennsylvania Supreme Court has refused to allow a defendant to introduce evidence of the plaintiff's negligence to defeat a claim under section 402A. In *McCown v. International Harvester Co.*, 463 Pa. 13, 342 A.2d 381 (1975), the court held that a plaintiff's contributory negligence could not be considered either to reduce the plaintiff's recovery or as a defense to liability. The court stressed that "the law should not require ... inspection or caution when it has accepted as reasonable the consumer's anticipation of safety." *Id.* 342 A.2d at 382.

The Pennsylvania Superior Court has carved out an exception to the Supreme Court's rule. In *Foley v. Clark Equipment Co.*, 361 Pa.Super. 599, 523 A.2d 379 (1987), the plaintiff, who was struck by a forklift when the forklift driver failed to notice him, sued the forklift manufacturer to recover for injuries sustained in the accident. The plaintiff alleged that the forklift was defectively designed because it did not include a device to alert pedestrians of its presence and because its frontal carriage obstructed the driver's view. The trial court excluded evidence that suggested that both the plaintiff and the driver had paid inadequate attention and that their neglect, rather than the design defect, had caused the accident. The Superior Court reversed, holding that although contributory negligence was not an affirmative defense, evidence of "negligen[t] ... conduct is admissible where it is relevant to establish causation." *Id.* 523 A.2d at 393.

The Third Circuit in *Dillinger v. Caterpillar, Inc.*, 959 F.2d 430 (3d Cir.1992) opined that "*Foley* does not accurately reflect the approach the Pennsylvania Supreme Court would follow in a strict liability proceeding." *Id.* at 443. The court explained that "there is no meaningful way to reconcile the view that a plaintiff's negligence of the type involved in *Foley* should be admitted to undercut causation with the Supreme Court's prohibition of the introduction of a plaintiff's

negligence to defeat liability." *Id.* at 443.[1] In *Dillinger*, the plaintiff alleged that he was injured when a component of the truck he was driving failed. The defendant introduced evidence that the plaintiff could have avoided the accident by applying the emergency brake. In addition to rejecting *Foley* as incompatible with Pennsylvania Supreme Court precedent, the Third Circuit also noted that the plaintiff's conduct in *Foley* had set the accident in motion, whereas in *Dillinger* the plaintiff's conduct was merely insufficient to stop the accident set in motion by the design defect.

What the Third Circuit said about *Foley* in *Dillinger* was arguably dictum,[2] but it seems to me persuasive dictum. In my judgment, the defendant's argument that Kramer's conduct should be admitted as evidence that his conduct rather than the forklift defect was the proximate cause of his injuries is irreconcilable with the governing Pennsylvania Supreme Court precedent. "Proximate cause" is not a logical proposition but a legal conclusion about when a party is to be held responsible for a loss. The Pennsylvania Supreme Court has already drawn that conclusion by establishing, on the one hand, that contributory negligence is not a defense to liability, *see McCown,* and, on the other hand, that a plaintiff's assumption of risk, *see Berkebile v. Brantly Helicopter Corp.,* 462 Pa. 83, 337 A.2d 893, 901 (1975), or misuse of a product, *see Sherk v. Daisy–Heddon,* 498 Pa. 594, 450 A.2d 615, 618 (1982), is a defense to liability. Thus, the Pennsylvania Supreme Court has already indicated the instances in which it wants to assign responsibility to the plaintiff in a strict liability action—when the plaintiff has assumed the risk, misused the product, and presumably when the plaintiff has been highly reckless.[3] Were evidence of a plaintiff's conduct always admissible to establish that the plaintiff's conduct was the proximate cause of his injuries, the defenses of misuse and assumption of risk established by the Pennsylvania Supreme Court would be superfluous. Accordingly, except in situations of arguable misuse or assumption of risk, evidence of a plaintiff's conduct is inadmissible.[4]

## II. Kramer's conduct as evidence of assumption of the risk

The Pennsylvania courts have consistently held that a plaintiff's assumption of the risk is a defense to strict products liability. *See Berkebile v. Brantly Helicopter Corp.,* 462 Pa. 83, 337 A.2d 893, 901 (1975). Under this theory, the defendant has "the burden of showing the subjective awareness of the defect by the injured party." *Ellis v. Chicago Bridge & Iron Co.,* 376 Pa.Super. 220, 545 A.2d 906, 915 n. 17 (1988). The defendant has not argued that Kramer was aware of a defect in the forklift—that the forklift's failure to contain a guard on the operator's compartment made the forklift dangerous. Accordingly, the defendant has not asserted a claim of assumption of the risk.

## III. Kramer's conduct as evidence of misuse

The Pennsylvania courts also have allowed a defendant to introduce evidence to

---

1. Judge Alito, dissenting, argued that "evidence that the plaintiff did not use the alternative braking system was relevant to show absence of proximate cause, i.e., that the alleged defect was not a substantial factor in causing the plaintiff's injuries but that those injuries resulted from the plaintiff's failure to use the alternative braking systems." *See Dillinger,* 959 F.2d at 449–50 n. 3.

2. *See Kern v. Nissan Indus. Equip. Co.,* 801 F.Supp. 1438, 1442 (M.D.Pa.1992). *See also Kolesar v. Navistar Int'l Transport. Corp.,* 815 F.Supp. 818, 822 (M.D.Pa.1992), *aff'd without op.,* 995 F.2d 217 (3d Cir.1993).

3. The Pennsylvania Supreme Court has not yet placed its imprimatur on the availability of this defense. *See Dillinger,* 959 F.2d at 445 n. 24.

4. Although Kramer's conduct was a "but for" cause of his injuries, evidence to that effect should be excluded under Fed.R.Evid. 403. On the one hand, evidence that Kramer's conduct was a "but for" cause of his injuries has little probative value: the fact that Kramer's conduct was a "but for" cause does not give the jury reason to conclude that the forklift defect—also a "but for" cause—was not a proximate cause of Kramer's injuries. On the other hand, evidence that Kramer's conduct was a "but for" cause of his injuries has significant potential to mislead the jury into thinking that Kramer should not recover if he was negligent.

establish that the plaintiff misused the product in order to defeat a products liability claim. *See Sherk v. Daisy–Heddon*, 498 Pa. 594, 450 A.2d 615, 618 (1982). The *Sherk* court explained: " '[t]here appears to be no reason to doubt that strict liability has made no change in the rule, well settled in the negligence cases, that the seller of the product is not to be held liable when the consumer makes an *abnormal use* of it.' " *Id.*, quoting Prosser, *The Fall of the Citadel*, 50 Minn. L.Rev. 791, 824 (1966) (emphasis added). Although the defendant argues that the plaintiff's failure to look in the direction of travel and to keep his foot inside the operator's compartment—both in contravention of written warnings—constituted misuse, I do not believe that such conduct can be described as an "abnormal use," particularly in light of the emergency situation Kramer faced at the time he acted contrary to the warnings.

#### IV. Kramer's conduct as evidence of his highly reckless behavior

■ In *Gottfried v. American Can Co.*, 339 Pa.Super. 403, 489 A.2d 222 (1985), the court observed that the "issue of causation is raised when the plaintiff's action is so reckless that the plaintiff would have been injured despite the curing of any alleged defect, or is so extraordinary and unforeseeable as to constitute a superseding cause." *Id.* 489 A.2d at 225. For substantially the reasons given above, I see no basis for concluding that Kramer's failure to heed the written warnings that he was not to put his foot outside the operator's compartment or look in a direction other than the direction of travel was, in the context of the emergency situation he faced, highly reckless behavior.

#### *ORDER*

For the reasons given in the accompanying memorandum, it is hereby ORDERED and DIRECTED that plaintiffs' pretrial motion in limine (docket number 51), is GRANTED IN PART, as follows: Defendant is precluded from introducing evidence or otherwise suggesting that plaintiff Philip Kramer's conduct in placing his foot outside the operator's compartment and in failing to look in the direction of travel was the proximate cause of

his injuries, constituted an assumption of the risk, constituted a misuse of the Model 31 forklift, or constituted highly reckless behavior.