**Philip KRAMER and Kathleen Kramer, Plaintiffs,**

v.

**RAYMOND CORPORATION, Defendant.**

Civ. No. 90–5026.

United States District Court, E.D. Pennsylvania.

Dec. 1, 1993.

Kathy M. Manderino, John A. Rothschild, Wendy Fleishman, Maureen A. Mahoney, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for plaintiffs.

William J. Ricci, Thomas M. Hinchey, Thomas J. Bradley, Lavin, Coleman, Finarelli & Gray, Philadelphia, PA, for defendant.

*MEMORANDUM/ORDER*

LOUIS H. POLLAK, District Judge.

On October 23, 1993, I ruled, *inter alia,* that the defendant Raymond Corporation was precluded from introducing evidence or otherwise suggesting that Philip Kramer's conduct in failing to look in the direction of travel and in placing his foot outside the forklift's operator compartment was the cause of his injuries. 840 F.Supp. 333. On November 15, 1993, the defendant filed a motion requesting reconsideration of my October 23, 1993 order.

In the memorandum accompanying my October 23 order, I reasoned that the defendant's argument—that evidence of plaintiff's conduct is admissible to show that plaintiff's conduct rather than the alleged defect caused plaintiff's injuries—was inconsistent with the Pennsylvania Supreme Court's refusal to admit evidence of the plaintiff's contributory negligence in a strict liability action. I concluded that, were evidence of plaintiff's misconduct always admissible to establish that plaintiff's conduct was the cause of his injuries, the affirmative defenses of misuse and assumption of risk established by the Pennsylvania Supreme Court would be superfluous.

The defendant now cites *Berkebile v. Brantly Helicopter Corp.,* 462 Pa. 83, 337 A.2d 893 (1975), for the proposition that evidence of the plaintiff's negligent conduct is admissible to show that the alleged defect was not the proximate cause of injury. Specifically, the defendant argues that *Berkebile* requires this court to admit evidence that the plaintiff's conduct in failing to look in the direction of travel and in placing his foot outside the forklift operator's compartment was the proximate cause of his injuries. In my view, *Berkebile* is distinguishable from the case at hand. Claude Berkebile was killed when the helicopter he was flying crashed while in climbing flight. His wife brought a wrongful death action against the manufacturer of the helicopter, alleging that the design of the rotor system of the helicopter was defective because the average pilot had insufficient time to place the helicopter in autorotation in an emergency power failure in climbing flight. In dictum, the Pennsylvania Supreme Court explained:

> Whether decedent actually attempted autorotation is relevant to the issue of causation. If the jury were to conclude, for example, that a non-defective system would allow two seconds for autorotation and that the decedent did not attempt autorotation for three seconds; even if a defect was shown, it could not have been the proximate cause of the crash.

*Berkebile,* 337 A.2d at 901. What is notable about this scenario is that on the hypothesized facts, the defect is not even a "but for" cause of the accident. That is, even if the autorotation system had not been defective, the crash would have occurred. The defect was not a contributing cause of the accident. In its more general discussion of the proof of causation required in a strict liability case, the *Berkebile* Court similarly gives an example in which the defect cannot be described as a "but for" cause of the injury: "Neither can plaintiff recover by proving a defect in the product absent proof of causation, as where plaintiff sustains eye injury while not wearing defective safety glasses." *Id.* at 898. As above, even if the glasses had been in

perfect condition, the plaintiff would have sustained the eye injury. The defect in the glasses did not in any way contribute to the eye injury. Although the Pennsylvania Supreme Court speaks of proximate causation, I read *Berkebile* only to require a court to admit evidence tending to show that the defect was not a "but for" cause of the accident or injury.

 In the case at bar, the defendant does not allege that the evidence it seeks to introduce shows that the allegedly defective condition was not a "but for" cause of the plaintiff's injuries. The plaintiff has alleged that the forklift was defectively designed because it failed to provide adequate protection to the operator from the hazard of a lower limb crush injury from the rear. Specifically, the plaintiff has identified experts who opine that the fact that the defendant did not make its optional rear door or operator platform a standard feature of its forklift renders the forklift defective. The defendant now seeks to introduce evidence that this alleged defect did not cause the plaintiff's injuries, which instead were caused by his failure to look in the direction of travel and/or the fact that he put his foot outside the operator's compartment. Under *Berkebile,* the defendant may not introduce evidence that the plaintiff's failure to look in the direction of travel caused his injuries except to support an argument that the alleged defect in the operator's compartment was not even a "but for" cause of the injuries. That is, the defendant may only introduce such evidence to support an argument that, even if the operator's compartment had had a rear door or operator platform, the plaintiff nonetheless would have suffered his lower limb injuries. The defendant does not propose to make such an argument, and on the record before the court would not appear to be able to make such an argument. Thus *Berkebile* is not authority for the admission of evidence that the plaintiff was not looking in the direction of travel.

 Nor may the defendant introduce evidence to show that the plaintiff's conduct in putting his foot outside the operator's compartment caused his injuries. The plaintiff's main argument is that the forklift was defective precisely because it failed to have a safety mechanism to prevent his foot from coming out of the operator's compartment in the event of an accident. The defendant cannot then refute plaintiff's allegation by showing that the plaintiff put his foot outside the operator's compartment. *Cf. Berkebile,* 337 A.2d at 900–901 (holding that, because the plaintiff's allegation was that the rotor system was defective because it did not allow enough time for the average pilot to go into autorotation, the trial court erred in instructing the jury that the plaintiff's failure to go into autorotation within the necessary time constituted an "abnormal use" of the system).

For the above reasons, it is hereby ORDERED and DIRECTED that:

1. The defendant's motion for reconsideration of the October 23, 1993 order is DENIED; and

2. The defendant's motion for an amendment of the October 23, 1993 order to allow interlocutory appeal is DENIED.