GREENBERG, Circuit Judge,
dissenting.
Judge Cowen has written a thoughtful opinion in a difficult field of law, but I am forced to dissent because I interpret aspects of Pennsylvania products liability law fundamentally differently. I first will explain my view of the law and then explain my differences with the majority and the consequences stemming therefrom.
I agree with much of the majority’s analysis of Pennsylvania law, including its discussion of the Pennsylvania Supreme Court’s strong resistance to the inclusion of comparative fault principles in strict liability actions. I emphasize, however, that the Pennsylvania courts have been equally strong in maintaining the requirement that the plaintiff in a strict liability action bear the burden of showing both that the product was defective and that the defect proximately caused the injuries in question. See Berkebile v. Brantly Helicopter Corp., 462 Pa. 83, 337 A.2d 893, 898 (1975) (“Neither can plaintiff recover by proving a defect in the product absent proof of causation, as where plaintiff sustains eye injury while not wearing defective safety glasses.”); Carrecter v. Colson Equip. Co., 346 Pa.Super. 95, 499 A.2d 326, 329 (1985) (plaintiff must show defect was a “substantial factor in bringing about” injuries suffered); Sherk v. Daisy-Heddon, 498 Pa. 594, 450 A.2d 615, 617 (1982) (“Liability in ... strict liability is not imposed upon a manufacturer simply for the manufacture of a defective product.”).
Thus, evidence of the plaintiffs or a third party’s conduct, whether negligent or not, is admissible to rebut the allegation that a defect actually caused the injury. Nevertheless, the Pennsylvania Supreme Court has held that a plaintiffs or third party’s conduct does not relieve the defendant of liability for a defect which was a substantial factor in bringing about the accident unless the conduct constituted a superseding or intervening cause of the injury. Thus, the defendant is liable as long as the defect was “a substantial factor in bringing about the harm.” Powell v. Drumheller, 539 Pa. 484, 653 A.2d 619, 622 (1995), citing Jones v. Montefiore Hosp., 494 Pa. 410, 431 A.2d 920, 923 (1981). Of course, for a superseding cause to relieve a defendant whose conduct has been determined to be a substantial factor in causing the harm, it must be “so extraordinary as not to have been reasonably foreseeable.” Powell, 653 A.2d at 623; Kuisis v. Baldwin-Lima-Hamilton Corp., 457 Pa. 321, 319 A.2d 914, 920 (1974). Accordingly, ordinary negligence will not do. The majority recognizes this point. See, e.g., Majority Op. at 1331 (“[T]he plaintiff must show that: (1) a product defect (2) caused a harm (3) while the product was being used in a foreseeable manner.”); Majority Op. at 1332 (“If foreseeable, the jury must find for the. plaintiff unless it finds that the defect did not play even a substantial, or more than negligible, role in causing the plaintiffs injury.”).
Plainly, then, there is a distinction between a plaintiffs conduct which, rather than the defective product, was the cause of the injury and a plaintiffs conduct that was so extraordinary and unforeseeable that it was a superseding cause of the injury. Yet, if the injury is attributable to a plaintiffs conduct of either character, i.e., conduct that was the cause of the injury or unforeseeable superseding conduct, the defendant will not be liable even if its product was defective. An understanding of Pennsylvania product liability law requires that these concepts be kept separate so that a court understands the category into which the conduct fits when a defendant attempts to attribute the plaintiffs injury to his or her conduct.
The Pennsylvania Supreme Court has not spoken explicitly on the issue of how evidence of plaintiff and third-party conduct should be treated at trial, but the Pennsylvania Superior Court has addressed the issue in a number of cases. In Bascelli v. Randy, Inc., 339 Pa.Super. 254, 488 A.2d 1110 (1985), the Superior Court held that evidence of the plaintiffs negligent conduct in driving his motorcycle approximately 100 miles per hour at the time of the accident was admissible to *1342 show that the excessive speed,and not the alleged defect in the product, caused the accident. Id., 488 A.2d at 1113. In Gallagher v. Ing, 367 Pa.Super. 346, 532 A.2d 1179 (1987), the court approved the admission of evidence of the decedent’s blood alcohol level “to show that the decedent was so intoxicated that he was incapable of driving safely” and that the intoxication, rather than a product defect, caused the accident. Id., 532 A.2d at 1183. These cases illustrate the use of a plaintiffs conduct to demonstrate that the injury cannot be attributed to a defective product.
We considered how to treat a plaintiffs conduct in Dillinger v. Caterpillar, Inc., 959 F.2d 430 (3d Cir.1992). In Dillinger, we refused to allow evidence of the plaintiffs contributory negligence because the evidence could show only that he failed to prevent an accident resulting from a sequence of events set into motion by a defect in the product. Id. at 442. Although in Dillinger we characterized the trend in the Pennsylvania Superi- or Court increasingly to inject negligence principles into strict liability actions as inconsistent with the rulings of the Pennsylvania Supreme Court, we drew a clear distinction between evidence of conduct which caused an accident independently of the defect in the product and evidence of conduct which exacerbated or faded to prevent an injury caused by the defect. We explicitly held only the latter type of evidence inadmissible. Id. at 442, 444 n. 23. Thus, we distinguished Bascelli and Gallagher as cases where the plaintiffs conduct set the events leading to the accident in motion. A number of district courts in this circuit have applied this approach. See, e.g., Ballarini v. Clark Equip. Co., 841 F.Supp. 662, 665 (E.D.Pa.1993), aff'd, 96 F.3d 1431 (3d Cir.1996) (table); Kern v. Nissan Indust. Equip. Co., 801 F.Supp. 1438, 1441-13 (M.D.Pa.1992), aff'd, 16 F.3d 404 (3d Cir.1993) (table).
A reading of Dillinger which requires the exclusion of all evidence of foreseeable conduct by the plaintiff relating to causation would violate the clear requirement of the Pennsylvania Supreme Court that a plaintiff in a strict liability action must prove that the defect in the product caused the injuries. See Berkebile, 337 A.2d at 898. See also Kramer v. Raymond Corp., 840 F.Supp. 336, 338 (E.D.Pa.1993) (holding that evidence of plaintiffs conduct is admissible to demonstrate that defect was not a cause of injury). After all, it hardly could be said that it is unforeseeable that a motorcycle driver will go at a high speed. Nevertheless, in Bascelli evidence of that speed was admissible to show that speed, rather than a product defect, caused the accident. Thus, Bascelli was not a superseding cause case.
It seems to me that the majority erroneously reads Dillinger to require the exclusion of all evidence of foreseeable conduct of a plaintiff relating to causation, for it indicates that the jury instruction was “fatally erroneous [because] it failed to require the jury to analyze whether Mr. Parks’ actions were unforeseeable or extraordinary.” Majority Op. at 1337. The majority then indicates, erroneously in my view, that “[i]f the jury found that the actions were neither unforeseeable nor extraordinary, it could not have found his actions to be a ‘legal cause’ of his injury.” Id. The result the majority reaches does not take into account the distinction in Pennsylvania law between treatment of a plaintiffs negligence which is the sole cause of the injury and a plaintiffs negligence which combines with a defect in the product to cause the injury. Negligence of the second kind could defeat the claim only if so extraordinary as to be unforeseeable.
I now consider the jury charge. The district court instructed the jury that there were four possible causes of the accident, the alleged defect in the product, Parks’ conduct, his employer’s conduct, and his co-worker’s conduct, all of which could be legal causes of the accident. App. at 416-17. The court further instructed the jury that if it found a defect and that “the defect was a substantial factor in causing the harm, then your verdict will be for the plaintiff even if you find ... [that any other conduct] were legal causes of the accident because I already told you there may be more than one legal cause____ So, in order to find for the defendants, you must find that the alleged defect was not the legal cause of the accident.” Id. at 417-19.
*1343 I regard this charge as consistent with Pennsylvania law. The charge recognized that if a combination of a defect in the product and Parks’ or another person’s negligence caused the accident, the plaintiff would win. The majority makes much of the fact that the court used the phrase “the legal cause” rather than “a legal cause.” Majority Op. at 1336-37. While I agree that “a” is the proper article to use in this situation, I do not agree that this error so taints the charge as a whole that it could have misled the jury. The judge told the jury to consider the conduct only as it relates to the initial causation of the accident to evaluate which events were substantial factors in bringing about the accident. Furthermore, the interrogatory to which the jury answered “No,” thereby returning a verdict for the defendant, read as follows: ‘Was the defect in the excavator a substantial factor in bringing about Mr. Parks’ death?” The jury of course, had the interrogatory when it deliberated and in these circumstances I cannot believe that the use of “the” rather than “a” in the charge mattered.
In my view, the majority’s holding that a foreseeability charge was required is fundamentally wrong because the plaintiff and third-party conduct was not presented to the jury as a superseding cause of the accident. Rather, the defense advanced that conduct as the sole cause of the accident. In a superseding cause situation, the defect is still a “but for” cause of the accident, or a substantial factor, but the superseding cause of the accident may excuse the defendant from liability if not reasonably foreseeable. Here, the court charged the jury to consider whether the alleged defect was a “substantial factor” in causing the accident and the jury found that it was not. It seems to me to be clear that when a court lays the precepts of Pennsylvania law against the charge, it should conclude that the charge did not include a reversible error.
The main difference between my view and the majority’s view, besides the result we reach, is the majority’s holding that “the threshold question is whether the plaintiffs actions were foreseeable.” Majority Op. at 1332. I do not understand how it can make this statement, because it confuses substantial factor causation, i.e., the responsibility of the defendant in the first instance, with superseding causation. A superseding cause, if not reasonably foreseeable, breaks the chain of causation, but the jury must first find that there was a chain. The majority’s holding eliminates this requirement and the majority says that “[cjausation may be shown by process of elimination____” Majority Op. at 1333. The majority does not have case law to support this conclusion. The cases it cites deal with accidents where superseding causes exist after the defect first is found to be a substantial factor, e.g., Decorative Precast Stone Erectors, Inc. v. Bucyrus-Erie Co., 493 F.Supp. 555, 557 (W.D.Pa.1980), aff'd, 642 F.2d 441 (3d Cir.1981) (table), where the plaintiff allegedly recklessly exposed himself to a defect, Childers v. Power Line Equip. Rentals, Inc., 452 Pa.Super. 94, 681 A.2d 201, 208-09 (1996), where substantial change or misuse of a product is charged, Eck v. Powermatic Houdaille, 364 Pa.Super. 178, 527 A.2d 1012, 1019 (1987), or where the existence of a defect rather than causation is at issue, see Schell v. AMF, Inc., 567 F.2d 1259, 1262 (3d Cir.1977).
We face none of those situations in this case. The issue at trial here was whether the defect in the product was a substantial factor in causing the accident. The jury instructions correctly said that if it was the plaintiff must win. The jury found for the defendant by answering an interrogatory expressly finding that the defect was not a substantial factor in bringing about the accident. The majority will not allow a verdict based on the jury’s answer to this interrogatory to stand because it holds that a foreseeable action by the plaintiff cannot be a “legal cause” of an accident. Majority Op. at 1336-37. “Instead, it is removed from the picture, and liability attaches to the remaining causal actor or actors.” Majority Op. at 1334. I believe that this approach is simply wrong for it eliminates the jury’s role in determining whether a defect is a substantial factor in an accident. It turns all cases involving causation into superseding cause eases in the sense that unless the plaintiffs or third party’s conduct is not foreseeable, it cannot be *1344 the legal cause of the accident. As Bascelli, the 100 miles per hour motorcycle case, so clearly demonstrates, this is wrong. The majority opinion overlooks the fact that the jury first must find a chain of causation before considering whether a superseding cause breaks the chain. It assumes that a chain exists.
Under the majority’s view, a defendant could be found liable for a defect even if the defect did not contribute to the happening of the accident, because the majority removes from the case the possibility that foreseeable conduct of the plaintiff or a third party was the cause of the accident. It is important to remember that just because an accident is a type which a defect might cause does not mean that the defect necessarily did cause the accident. It is up to the jury to make this determination, not the court. Thus, I do not believe the Pennsylvania Supreme Court would condone the result reached here. The majority’s opinion will force the district court to try the case on the remand on incorrect principles of law and will require it to deliver an incorrect, charge.
In responding to my dissent in which I emphasize that the majority does not take into account the distinction between a plaintiffs negligence which is the sole cause of the injury and a plaintiffs conduct that was an unforeseeable superseding intervening cause of the injury, the majority sets forth the following:
The instant case is precisely of the second type: the jury explicitly answered yes to the question, “Was the Gradall excavator defective at the time it was manufactured and sold?’ App. at 432. The machine’s defect was impaired visibility of precisely the area in which the accident occurred. In accordance with the dissent’s above description, the manufacturer of the defective product should be held hable unless the plaintiffs actions were unforeseeable.
Majority Op. at 1333 n. 3.
I deduce from the foregoing analysis that the majority, sitting as a court of appeals, must be determining as a matter of law that the nature of the defect meant it had to be a substantial factor in bringing about the accident. I cannot understand how the majority can make this determination because it is deciding the proximate cause issue and deciding it contrary to the jury which expressly answered “no” to the following question: “Was the defect in the excavator a substantial factor in bringing about Mr. Parks’ death?” The fact that the machine had impaired visibility no doubt led the jury to find that it was defective. Yet that finding simply did not determine that the defect was a substantial factor in bringing about the accident. Thus, just as I have indicated already, the majority turns all cases involving causation when a plaintiffs or third party’s conduct is involved into superseding cause eases so that unless the plaintiffs or third party’s conduct is unforeseeable, it cannot be the legal cause of the accident.
As far as I am concerned this appeal is being decided incorrectly which in itself is unfortunate. But the consequences of the majority opinion go beyond this case. There are many diversity of citizenship products liability cases under Pennsylvania law tried in this circuit. From the time of the publication of the opinion in this case the district courts will be confronted with following Pennsylvania law, as announced by the Pennsylvania courts and permit the jury to conclude that a plaintiffs or third party’s conduct, even if foreseeable, can be the sole proximate cause of an injury, or following the majority’s opinion which makes clear that the injury can be attributed to plaintiffs or third party’s conduct only if that conduct is not foreseeable. I presume that the district courts will follow the majority’s opinion here and thus the outcome of a case may be determined on whether it is tried in the state or federal court. This is serious business.
Judge McKee’s concurrence misinterprets the holding I suggest would be appropriate here and thus it does not persuade me that my views are wrong. I do not believe, as Judge McKee suggests I do, Concurrence at 1338-39, that a plaintiffs conduct can be used to reheve a defendant of liability merely because it contributed to an accident caused by a defect. In fact, I believe the opposite to be true. Yet, a jury must determine whether the defect is actually a substantial factor in causing the accident and thus must consider what else, including a plaintiffs conduct, *1345 could have caused the accident without contribution from the defect. Thus, I agree with Judge McKee when he states: “ ‘[i]f the alleged defect was a substantial factor in bringing about the harm,’ absent assumption of risk, misuse of product, or highly reckless conduct, it is irrelevant whether plaintiffs conduct set the events in motion or merely failed to prevent an injury____” Concurrence at 134CM1. Unfortunately, however, the result being reached here will not allow the jury to decide whether the defect is “a substantial factor in bringing about the harm.”
Indeed, Judge McKee’s explanation of Judge Cowen’s opinion effectively admits this point because, quoting Judge Cowen, he indicates that “[ejvidence of the decedent’s actions in the instant case is appropriate only if a jury determined that such actions were ‘not reasonably foreseeable or were otherwise extraordinary.’” Concurrence at 1340. This statement simply cannot be correct because it removes from the jury the opportunity to consider whether the defect was “a substantial factor in bringing about the harm.” A plaintiffs unexceptionable conduct may cause a plaintiff using a defective product to be injured without the defect in the product contributing to the injury. For example, a car might be delivered with defective brakes but if a plaintiff driving the car who is about to get into an accident, whether or not he is negligent, does not use the brakes, then the defect simply is not a substantial factor in bringing about the harm even if the brakes would not have worked if the plaintiff had applied them. In such a case the defendant should be able to establish that the defective brakes had nothing to do with the accident and the defendant should win in a products liability case. See Berkebile, 337 A.2d at 901 (“Whether decedent actually attempted auto-rotation is relevant to the issue of causation. If the jury were to conclude, for example, that a non-defective system would allow two seconds for autorotation and that the decedent did not attempt autorotation for three seconds; even if a defect was shown, it would not have been the proximate cause of the crush.”).
The fact in my brakes example that the plaintiff might have been negligent is immaterial and thus if the plaintiff was negligent his negligence would not bar his claim. Rather, he would lose because the defect was not a substantial factor in bringing about the accident. The district court properly tried the case applying these principles which Pennsylvania law (and probably the law throughout the United States) establishes, and thus we should affirm.
In the circumstances I am constrained to dissent.