**Philip KRAMER and Kathleen Kramer, Plaintiffs,**

v.

**RAYMOND CORPORATION, Defendant.**

Civ. No. 90–5026.

United States District Court,
E.D. Pennsylvania.

Jan. 3, 1994.

Kathy M. Manderino, John A. Rothschild, Wendy Fleishman, Maureen A. Mahoney, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for plaintiffs.

William J. Ricci, Thomas M. Hinchey, Thomas J. Bradley, Lavin, Coleman, Finarelli & Gray, Philadelphia, PA, for defendant.

## MEMORANDUM/ORDER

LOUIS H. POLLAK, District Judge.

In my December 1, 1993 order, 840 F.Supp. 336, denying Raymond's motion for reconsideration of my October 23, 1993 order, I held that under *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893 (1975), evidence of a plaintiff's negligent conduct is admissible only to show that the alleged defect was not a "but for" cause of injury. Raymond had not provided in either its original filing or in its motion for reconsideration any indication that it intended to introduce evidence of plaintiff's conduct in order to show that the alleged defect was not a "but for" cause of plaintiff's injury. Accordingly, I ruled that evidence of plaintiff's conduct is inadmissible at trial.

However, in a letter to this court dated December 17, 1993, Raymond now contends that it does intend to introduce evidence of plaintiff's conduct for that purpose. Specifically, Raymond intends to offer, through its expert Edward M. Caulfield, Ph.D., testimony that even if the operator's compartment had had a rear door or operator platform, plaintiff would have suffered lower limb injuries. Consistent with the reasoning of my December 1, 1993 order, I conclude that the evidence described in Raymond's December 17 letter is admissible for the purpose of establishing that the alleged defect was not a "but for" cause of plaintiff's injury. For this reason, it is hereby ORDERED and DIRECTED that:

1. The defendant's motion for reconsideration of the December 1, 1993 order is GRANTED; and

2. Evidence introduced by the defendant for the purpose of establishing that the alleged defect was not a "but for" cause of plaintiff's injury is admissible at trial.