

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-27-1997

# Kaplan v. Exxon Corp

Precedential or Non-Precedential:

Docket
96-1495,96-1519

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Kaplan v. Exxon Corp" (1997). *1997 Decisions.* Paper 254.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/254

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 27, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 96-1495 and 96-1519

AARON KAPLAN; JUDITH KAPLAN

v.

EXXON CORPORATION

v.

JAMES J. ANDERSON CONSTRUCTION CO., INC.;
JAMES D. MORRISSEY, INC.,
        Third Party Defendants

        Judith Kaplan and Aaron Kaplan,
        Appellants at No. 96-1495

        Exxon Corporation,
        Appellant at No. 96-1519

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 95-cv-01942)

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 2, 1997

Before: BECKER and SCIRICA, Circuit Judges
and SCHWARZER, District Judge*

_____
*The Honorable William W Schwarzer, United States District Judge for
the Northern District of California, sitting by designation.

ORDER AMENDING SLIP OPINION

IT IS HEREBY ORDERED that the slip opinion in the
above case, filed September 25, 1997, be amended as
follows:

1. Page 10: Delete lines 6-11 and substitute the
following in lieu thereof:

        "snow mound. We believe that reasonable minds could
        disagree whether Kaplan acted "under circumstances

that manifest[ed] a willingness to accept" the risk, Berman, 542 A.2d at 5333, which means the issue should go to the jury. Among the circumstances to consider in evaluating the voluntariness of the plaintiff's action is whether the plaintiff had a real "choice." See Howell, 620 A.2d at 1112 ("The operative fact is [the plaintiff's] voluntary choice to undertake the risk."). The plaintiff does not make a real choice when there is no safe alternative to encountering the risk. Prosser and Keeton on Torts S 68 at 490-91 (W. Page Keeton ed., 5th ed. 1984) (no assumption of risk where plaintiff has "no reasonable alternative.").5 The district court"

5Of course, we can imagine situations where the danger is known to the plaintiff and so obvious that a court could say as a matter of law that the defendant is not liable. See, e.g., Chiricos v. Forest Lakes Council Boy Scouts, 391 Pa. Super. 491, 571 A.2d 474 (1990) (plaintiff voluntarily stood in front of a moving, trespassing vehicle to try to stop it); Kabo v. UAL, Inc., 762 F. Supp. 1190 (E.D.Pa. 1991) (sixty five year old plaintiff/President of travel agency suffered heart attack while lifting heavy baggage for tour group at airport).

2. Renumber all subsequent footnotes.

BY THE COURT,

/s/ Anthony J. Scirica

   Circuit Judge

2

DATED: October 27, 1997

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

3